In the Matter of JOAN M. KELLEY, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered September 5, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination of the Commissioner of Education. Petitioner is tenured in the assistant junior high school principal tenure area. Her position was abolished by the Board of Education of the Rush-Henrietta Central School District and her employment terminated effective June 30, 1979. Petitioner applied for appointment to either of two vacant positions of assistant principal at the senior high school level. Her application was denied by the board of education on the ground that the vacancies were not in petitioner's tenure area. She appealed to the Commissioner of Education under section 310 of the Education Law, seeking reinstatement to her former position or appointment to either of the two vacancies of senior high school principal pursuant to section 2510 of the Education Law. The commissioner denied her appeal concluding that the positions of assistant junior high school principal and assistant senior high school principal were in separate tenure areas and that petitioner was not entitled, under section 2510 of the Education Law, to a position as an assistant senior high school principal. Special Term concurred with the commissioner's determination and held that it had a rational basis. It further upheld his construction of subdivision 3 of section 2510 of the Education Law. We affirm that finding. Subdivision 3 of section 2510 of the Education Law reads, in pertinent part: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled". The standard of review of an administrative decision of the Commissioner of Education is limited. This court may not substitute its judgment for that of the commissioner unless the decision reviewed is arbitrary and capricious or lacks a rational basis *(Matter of Chauvel v Nyquist,* 43 NY2d 48, 52). The commissioner's interpretation carries great weight *(Matter of Lezette v Board of Educ.,* 35 NY2d 272). Petitioner argues that reappointment under subdivision 3 of section 2510 of the Education Law should extend to vacancies in positions which are in fact similar to the one previously held regardless of whether they are in the employee's tenure area. She contends that the board of education has promulgated a single statement of duties for the position of assistant high school principal in the secondary area and this supports her contention that the positions of assistant junior and senior high school principals are similar. The commissioner contends that reappointment to a vacant position requires that the vacancy be both in the employee's tenure area and be similar in fact to the former position. It is to be noted that a job description is, at best, only a general statement of duties. The separation of secondary education into junior and senior levels is one of long standing in the State. This historical distinction is a recognition that different grade levels represent different educational, social and emotional needs based on the ages of the students. We, therefore, cannot say that the commissioner's finding that different skills are required by the two positions is not a rational finding. The

term "similar", as used in subdivision 3 of section 2510 of the Education Law, is not unambiguous. In such circumstances, deference must be given to the interpretation accorded it by those charged with interpreting it *(Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137; *Matter of Lezette v Board of Educ., supra; Matter of Howard v Wyman,* 28 NY2d 434; see *Matter of Chauvel v Nyquist, supra).* Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.