■ In the Matter of PETER J. CALLAS, Petitioner, v CITY OF ELMIRA, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of the City of Elmira, which denied petitioner's application for benefits pursuant to section 207-a of the General Municipal Law. At the conclusion of testimony, the hearing officer, who had been designated by the City of Elmira to conduct the hearing, concluded that petitioner had failed to establish that his disability, chondromalacia of the patella, was caused by an injury occurring in the performance of his firemanic duties, and, further, that he had failed to establish that he was "taken sick" as a result of the performance of those duties. Accordingly, petitioner was found

not to be entitled to benefits under section 207-a of the General Municipal Law. This transferred CPLR article 78 proceeding by petitioner ensued. The determination denying petitioner benefits must be confirmed. The record reveals unanimity of medical opinions that chondromalacia of the patella is a disease and not a residue of injury, and, further, that its cause is unknown. There is nothing in the record, other than petitioner's contention that he was knocked to his knees during a fire in November, 1975 when some debris fell on his shoulders, that supports a causal relationship of injury to disability. Petitioner admitted that he never filed an accident report after the November, 1975 incident despite his personal knowledge of the rules of the fire department that such a report be filed whenever a fireman was injured in the line of duty. Next, petitioner's own medical evidence to the effect that the diseased condition of his knee existed prior to his being hired as a fireman in January, 1974 and that such condition had gotten progressively worse over the ensuing five years to the date of his disablement substantially supports the hearing officer's conclusion that petitioner's diseased knee did not result from being "taken sick" while discharging the duties of a city fireman. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.