■ In the Matter of ROGER A. BELL, Appellant, v BOARD OF EDUCATION OF VESTAL CENTRAL SCHOOL DISTRICT et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Lee, Jr., J.), entered August 31, 1982 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for an order reinstating petitioner to the position of senior high school principal. The facts are not in dispute. Petitioner was appointed high school principal effective August 1, 1972 by respondent school district and granted tenure as senior high school principal effective October 28, 1977. Petitioner is certified by the Commissioner of Education as both a junior high school and senior high school principal. By resolution of July 25, 1978, revised July 22, 1980, respondent school district established administrative tenure areas which included, *inter alia,* that of principal. Thereafter, effective February 1, 1982, petitioner was transferred to the position of junior high school principal and the individual occupying that position was transferred to that held by petitioner in high school. The instant CPLR article 78 proceeding was commenced by petitioner on March 17, 1982 seeking a judgment declaring that his tenure area is senior high school principal and an order reassigning him as such. By cross motion, respondent sought to have all other principals in the school district made party respondents. Respondent also sought by cross motion to have the petition dismissed due to affirmative defenses of untimely commencement of the proceeding, failure to file a claim pursuant to section 3813 of the Education Law, failure to exhaust his administrative remedy of appeal and lack of a justiciable issue. Special Term denied the cross motion in all respects and, further, concluded that the assignment of petitioner as junior high school principal was not arbitrary, capricious or contrary to law and dismissed the proceeding on the merits. This appeal by petitioner ensued. Initially, we note that we agree with Special Term's rejection of the issues raised by the cross motion and do not feel

that they require any further comment by us. We therefore pass to a consideration of the propriety of respondent's transfer of petitioner to the position of junior high school principal. It is most significant that petitioner was originally appointed by respondent to the position of senior high school principal and, subsequently, on October 28, 1977, granted tenure to that position. On that same date, others were granted tenure as elementary principals. Petitioner still held the position of senior high school principal at the time of his involuntary transfer some four years later. Although in the interim respondent established administrative tenure areas, including that of principal, such restructuring of tenure areas is prospective in effect (*Matter of Baer v Nyquist,* 34 NY2d 291, 294). Consequently, on this record, it would be arbitrary and capricious to apply said restructuring to petitioner. Furthermore, we are not persuaded by respondent's argument that, since the duties performed in both positions are the same 50% of the time, the transfer was proper (see *Matter of Kelley v Ambach,* 83 AD2d 733). Neither are we persuaded by the contention that petitioner was not harmed by the transfer. The transfer, in our opinion, violated petitioner's statutory rights not to be assigned outside his tenure area without his consent. Consequently, there must be a reversal. Judgment reversed, on the law and the facts, without costs, petition granted and respondents are directed to reinstate petitioner to the position of senior high school principal. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.