■ In the Matter of ANTHONY DI COCCO, Appellant, v CITY OF SCHENECTADY et al., Respondents.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Doran, J.), entered September 10, 1990 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely.

Petitioner, a civil service firefighter for respondent City of Schenectady in Schenectady County, suffered severe smoke inhalation while fighting a fire on March 19, 1989. He returned to full-duty status on March 27, 1989. In the interim, petitioner was carried on injury leave pursuant to General Municipal Law § 207-a and received statutorily authorized wage supplements and medical benefits.

On April 9, 1989, while on duty in the fire station, petitioner experienced chest pain. He was transported to a local hospital's emergency room, treated and released. He was subsequently diagnosed as suffering from a myocardial infarction as a result of a total occlusion of the right coronary artery and a cardiac catheterization was performed. Since the incident of April 9, 1989, the City has carried petitioner on its records as being on sick leave status rather than on General Municipal Law § 207-a leave. Petitioner received full salary and benefits; however, medical expenses associated with this incident were not covered.

In April 1990, petitioner was served with disciplinary charges for violating sick leave procedures. He was charged with leaving his residence without permission of the fire surgeon as required by the rules and regulations of the City's Fire Department. Shortly thereafter petitioner brought this CPLR article 78 proceeding to compel the City to retroactively reinstate him to General Municipal Law § 207-a leave status.

Whether this proceeding is properly classified as being in the nature of mandamus to review or to compel (see generally, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753), it was timely commenced. Both must be initiated within four months after either the determination to be reviewed becomes final or the respondent refuses upon demand to perform its duty (see, CPLR 217; Matter of De Milio v Borghard, 55 NY2d 216, 220).

When mandamus to review is utilized, "[t]he statute does not begin to run from the date the determination is made, but rather, from the date on which the challenging party received notice of the determination" (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.02, citing Matter of Hanmer v Tofany, 31 AD2d 782; see, Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834). Petitioner commenced this proceeding within one month of that date. And viewing this proceeding as mandamus to compel the City to perform a duty imposed upon it by law, it is no less timely because the earliest action petitioner took that could legally be deemed a demand upon the City to reclassify his leave status was the service of the notice of petition in this proceeding (see, Matter of Kaye v Board of Educ., 97 AD2d 794; see also, Matter of Ferro v Lavine, 46 AD2d 313, 320; 24 Carmody-Wait 2d, NY Prac § 145:240, at 21). Under either classification, the proceeding was timely commenced. And as petitioner claims he became aware that the City placed him on sick leave rather than General Municipal Law § 207-a leave status only when he

received the disciplinary notice one year later, after which he moved promptly to protect his rights, he did not unduly delay his demand so as to be guilty of laches *(see, Matter of Biondo v New York State Bd. of Parole, supra; Matter of Ferro v Lavine, supra,* at 319; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.02).

Turning to the merits, petitioner has failed to demonstrate any causal connection between the smoke inhalation incident of March 19, 1989 and the occurrence of April 9, 1989. The only evidence on this issue came from two physicians. Petitioner's treating physician stated, "I suspect [petitioner] did suffer a myocardial infarction at some time * * *. It is purely speculative as to when the total occlusion of his right coronary artery occurred. I believe it is most likely to have occurred at the time he first experienced anginal chest discomfort, i.e., 3/19/89, while fighting a fire. Unfortunately, I know of no way of proving this hypothesis." The second physician, who examined petitioner for insurance purposes, was less equivocal and stated, "The current disability is related to [petitioner's coronary artery disease of long standing] and not the event of 3/19/89, namely smoke inhalation." As neither physician affirmatively connected petitioner's myocardial infarction with the firefighting injury of March 19, 1989, the petition must be dismissed *(see, Matter of Callas v City of Elmira,* 88 AD2d 1015, 1016; *compare, Matter of Geremski v Department of Fire,* 72 Misc 2d 166, 168, *affd* 42 AD2d 1050).

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.