■ In the Matter of STEPHEN BROWN, Appellant, v BOARD OF EDUCATION, MORRISVILLE-EATON CENTRAL SCHOOL DISTRICT, et al., Respondents. [621 NYS2d 167] —Casey, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered September 10, 1993 in Madison County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to

---

review a determination of respondent Board of Education, Morrisville-Eaton Central School District denying petitioner's request for reinstatement to a tenured position.

Petitioner, a tenured guidance counselor whose position was abolished by respondent Board of Education, Morrisville-Eaton Central School District, contends that he was entitled to reemployment in the school social worker position that was created by the School District at about the same time the guidance counselor position was abolished. Supreme Court held that petitioner's lack of certification as a school social worker rendered him unqualified for the school social worker position and, therefore, not entitled to appointment to the position pursuant to Education Law § 2510. The petition was dismissed and petitioner appeals from Supreme Court's judgment. We affirm the judgment.

Respondents contend that Supreme Court should not have reached the merits of the petition because the proceeding was not timely commenced and should have been dismissed on the basis of their Statute of Limitations defense. Petitioner does not claim either that respondents improperly abolished the guidance counselor position or that respondents improperly terminated his employment as a guidance counselor. Nor does petitioner seek to review a final determination made by respondents. Rather, petitioner contends that Education Law § 2510 required his appointment to the newly created school social worker position, and he seeks to compel respondents to appoint him to that position (see, CPLR 7803 [1]). The Statute of Limitations did not begin to run, therefore, until petitioner made a demand upon respondents (see, Matter of Di Cocco v City of Schenectady, 175 AD2d 365, 366). At the earliest, petitioner's demand occurred on December 2, 1992 when he filed a notice of claim. This proceeding commenced in February 1993 was, therefore, timely (see, CPLR 217).

According to petitioner, some of the duties he performed while serving in the guidance counselor position are similar to the duties of the newly created school social worker position. Petitioner contends, therefore, that the two positions are similar within the meaning of Education Law § 2510 so that his appointment to the school social worker position is required by the statute. The two positions are in different special subject tenure areas (see, 8 NYCRR 30.8 [b] [2], [9]), a factor the Commissioner of Education has found to be conclusive on the issue of similar positions under Education Law § 2510 (see, Matter of Kelley v Ambach, 83 AD2d 733). Never-

theless, petitioner maintains that because some of the duties he performed as a guidance counselor are similar to the duties of a school social worker, the tenure area distinction is irrelevant. We note, however, the absence of any evidence of the type of personnel interchange between the positions which would demonstrate that respondents did not consider the two areas separate and distinct *(cf., Matter of Zubal v Ambach,* 103 AD2d 927, 928).

It is also undisputed that the school social worker position requires a separate and distinct certification from that of guidance counselor, which petitioner lacks. Contrary to petitioner's argument, "[c]ertification is a statutory requirement of no small significance" in determining whether the new position is similar to the old one *(Matter of Ward v Nyquist,* 43 NY2d 57, 63; *see, Matter of Schimmel v Board of Educ.,* 111 AD2d 966, 968). Assuming it is necessary to look beyond the lack of certification, the record also establishes that the main function of the new position is social counseling, as opposed to the academic counseling of the former position. The descriptions of the two positions differ, and the school social worker position requires a Master of Social Work degree, which was not required for the guidance counselor position. In these circumstances, petitioner failed to establish that the two positions were similar within the meaning of Education Law § 2510 and, therefore, he has no right to the relief requested in the petition.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.