■ In the Matter of MAXINE DAVIS, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [726 NYS2d 808] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 11, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's claim for entitlement to a certain full-time position in the Westport Central School District.

Petitioner, who was employed as a tenured school psychologist by respondent Board of Education of the Westport Central School District, claimed that when the school psychologist position was abolished, she was entitled to be appointed to the newly created position of elementary counselor with no reduction in salary (*see*, Education Law § 2510 [1]). Upon her administrative appeal, respondent Commissioner of Education rejected her claim, and petitioner commenced this CPLR article 78 proceeding to review the determination. Petitioner now appeals from Supreme Court's dismissal of the petition.

Petitioner contends that because the majority of the duties that she performed as school psychologist consisted of the counseling and other related duties of the newly created elementary counselor position, the two positions are similar within the meaning of Education Law § 2510, thereby requiring her appointment to the newly created position. As found by the Commissioner, however, the two positions are in different special subject tenure areas (*see*, 8 NYCRR 30.8 [b] [2], [8]) and require different certifications (*see*, 8 NYCRR 80-2.3 [b], [e]). Assuming that it is necessary to look beyond the differences in tenure area and certification (*see, Matter of Brown v Morrisville-Eaton Cent. School Dist.*, 211 AD2d 887), the Commissioner also noted, albeit in dicta, that there were substantive differences in the duties of the two positions.*

Although the abolished school psychologist position apparently encompassed the duties of the newly created elementary counselor position, the record establishes that the school psychologist position included additional duties beyond those

---

* As in *Matter of Brown v Morrisville-Eaton Cent. School Dist.* (*supra*), the record confirms the existence of substantive differences in the duties of the two positions and, therefore, we need not decide whether, as respondents contend, the differences in tenure area and certification are alone sufficient to support the determination.

of the elementary counselor position. It appears that many of these additional duties required skills that were not necessary for the performance of the more limited duties of the elementary counselor position (see, *Matter of Kelley v Ambach*, 83 AD2d 733). The fact that some of the counseling-related duties of the school psychologist position became the duties of the elementary counselor position does not, as petitioner contends, necessarily make the two positions similar. Nor can we accept petitioner's claim that, in effect, the additional duties of the school psychologist position must be ignored because she spent less than 50% of her time performing those duties. Strict adherence to such a mathematical formula would deprive the Commissioner of the flexibility that he needs in the exercise of his expertise to determine whether professional educator positions are similar within the meaning of Education Law § 2510, a determination which "carries great weight" (*Matter of Kelley v Ambach, supra*, at 733).

The Commissioner's determination that the position of school psychologist is not similar to the position of elementary counselor has a rational basis and, therefore, the judgment dismissing the petition is affirmed.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

 