■ ERNEST A. ROUNDTREE, Respondent, v SCHOOL DISTRICT OF CITY OF NIAGARA FALLS, Appellant. [741 NYS2d 633] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered January 31, 2001, which denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this age discrimination action alleging that he had been demoted because he refused to retire from his position as maintenance foreman. Supreme Court erred in denying defendant's motion for summary judgment dismissing the amended complaint. It is undisputed that defendant was facing a $5,000,000 budget deficit and that the position of maintenance foreman was eliminated during a district-wide reduction in workforce. According to plaintiff, who was almost 65 years old and had over 40 years in the retirement system, he was strongly urged to retire and was told that the entire job title of maintenance foreman would have to be eliminated if he did not do so. Plaintiff chose not to retire and was "bumped" back to a position that he previously held, with a pay decrease of $17,000 per year. Of the remaining four maintenance foremen, two retired, another, who was in his forties, was placed in a position with a pay decrease of approximately $20,000 per year, and the other, also in his forties, was placed in a supervisory position. The duties of the foremen were reassigned to lower-level employees with no additional compensation, and the positions have never been reinstated.

In order to establish a prima facie case of age discrimination under the Human Rights Law (Executive Law § 296), a plaintiff must show that he or she is a member of a protected class; that he or she was actively or constructively discharged from a position; that he or she was qualified to hold the position; and that the discharge occurred under circumstances giving rise to an inference of age discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629). The burden then shifts to the employer to provide a legitimate nondiscriminatory explanation for the employment decision and, if that is shown, the burden shifts back to the plaintiff to show that the explanation offered by the employer was a pretext for discrimination (*see id.* at 629-630). Even in the context of a legitimate workforce reduction, an employer may not discharge an employee because of his or her age (*see Carlton v Mystic Transp.*, 202 F3d 129, 136, *cert denied* 530 US 1261).

Here, defendant met its initial burden on the motion by establishing that plaintiff's position was eliminated "based upon nondiscriminatory reasons" (*Ferrante*, 90 NY2d at 631). Defendant established that it faced a deficit requiring a workforce reduction, which included maintenance positions as well as teaching positions; that the reduction was accomplished in

an unbiased manner, i.e., it affected both plaintiff and younger employees in plaintiff's job title; that the foremen were not replaced after the elimination of the job title, and their duties as maintenance foremen were reassigned; and that plaintiff was given another position, although at a reduced salary.

In opposition, plaintiff failed to raise an issue of fact whether defendant's explanation for the elimination of plaintiff's job title was pretextual and that age discrimination "was more likely the real reason" (*id.*; *see Carlton*, 202 F3d at 135). Contrary to the contention of plaintiff, defendant had a legitimate reason to inquire whether plaintiff was considering retirement in light of the magnitude of the workforce reductions (*see Raskin v Wyatt Co.*, 125 F3d 55, 63). We therefore reverse the order, grant defendant's motion and dismiss the amended complaint. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.