■ KENDALL W. DAVIS, Appellant, v SCHOOL DISTRICT OF CITY OF NIAGARA FALLS et al., Respondents. [772 NYS2d 180]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered April 21, 2003. The order granted the motion of defendants School District of City of Niagara Falls and Board of Education of City School District of City of Niagara Falls for summary judgment and dismissed the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting the motion of School District of the City of Niagara Falls (School District) and Board of Education of the City School District of the City of Niagara Falls (collectively, defendants) for summary judgment dismissing the amended complaint against them. Defendants established that plaintiff's request to transfer to another position when plaintiff's position was eliminated was properly denied because the positions to which plaintiff requested to be transferred are not "similar" to his former position (Education Law § 2510 [3] [a]). The positions are in different tenure areas and require different certifications (*see Matter of Davis v Mills*, 285 AD2d 703 [2001], *affd* 98 NY2d 120 [2002]; *Matter of Anderson v Board of Coop. Educ. Servs., Second Supervisory Dist., Suffolk County*, 128 AD2d 614, 615 [1987]). Defendants further established their entitlement to judgment as a matter of law on plaintiff's cause of action alleging age

discrimination (*see generally Mittl v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]). Defendants established that plaintiff was not discharged because of his age, but rather because the School District transferred its drafting program to BOCES. Defendants established that plaintiff was not offered a social studies, business or industrial arts position because he was not tenured in those areas, and the School District's Quality Council did not recommend him. Even assuming, arguendo, that plaintiff established a prima facie case of age discrimination, we conclude that defendants established "legitimate, independent, and nondiscriminatory reasons to support its employment decision" (*Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938 [1985]; *see Roundtree v School Dist. of City of Niagara Falls*, 294 AD2d 876, 877 [2002]). Plaintiff failed to raise an issue of fact whether defendants' proffered reasons for eliminating his position and discharging him were pretextual (*see Roundtree*, 294 AD2d at 878). Finally, plaintiff's unlawful retaliation cause of action was also properly dismissed. Although plaintiff was engaging in a protected activity when he filed his grievance alleging age discrimination (*see* Executive Law § 296), defendants established as a matter of law that plaintiff was terminated because the School District eliminated the drafting program for economic reasons, not because of plaintiff's grievance, and plaintiff failed to raise an issue of fact (*see Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]). Because plaintiff failed to address in his brief any issues concerning the dismissal of his causes of action alleging racial discrimination and breach of the collective bargaining agreement, we deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.