Hayes v Hillside Family of Agencies (2023 NY Slip Op 04866)

Hayes v Hillside Family of Agencies

2023 NY Slip Op 04866

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

650 CA 22-01953

[*1]SARAH HAYES, PLAINTIFF-RESPONDENT,
v
HILLSIDE FAMILY OF AGENCIES, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

HARRIS BEACH PLLC, PITTSFORD (M. IBRAHIM TARIQ OF COUNSEL), FOR DEFENDANT-APPELLANT.
SARAH HAYES, PLAINTIFF-RESPONDENT PRO SE. 

 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered August 2, 2022. The order, insofar as appealed from, granted defendant's motion seeking leave to reargue its cross-motion for summary judgment and upon reargument, the court adhered to its original determination. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's cross-motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action alleging that defendant's termination of her employment constituted discrimination based on her status as a victim of domestic violence in violation of the Human Rights Law (see Executive Law § 296 [1] [a]). Plaintiff's employment was terminated after a senior employee of defendant received an anonymous phone call alleging that plaintiff was using drugs while at work and plaintiff subsequently refused to take a drug test. In appeal No. 1, defendant appeals from that part of an order that denied its cross-motion for summary judgment dismissing the complaint. In appeal No. 2, defendant appeals from that part of an order that, upon reargument, adhered to the prior decision denying the cross-motion.
At the outset, we note that the appeal from the order in appeal No. 1 must be dismissed inasmuch as that order was superseded by the order in appeal No. 2 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
In appeal No. 2, we agree with defendant that Supreme Court erred in denying its cross-motion for summary judgment dismissing the complaint, inasmuch as defendant established its entitlement to judgment as a matter of law (see generally Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). Even assuming, arguendo, that plaintiff established a prima facie case of discrimination based on her status as a domestic violence victim, we conclude that defendant met its initial burden on the cross-motion by establishing "legitimate, independent, and nondiscriminatory reasons to support its employment decision" (Matter of Miller Brewing Co. v State Div. of Human Rights, 66 NY2d 937, 938 [1985]; see generally Davis v School Dist. of City of Niagara Falls, 4 AD3d 866, 867 [4th Dept 2004]; Roundtree v School Dist. of City of Niagara Falls, 294 AD2d 876, 877-878 [4th Dept 2002]). Here, defendant submitted admissible evidence that it had reasonable suspicion to believe that plaintiff was using drugs while at work, that it was defendant's policy to drug test employees in such circumstances, and, further, that if the employee refused to submit to the test, the employee would be terminated. In opposition, plaintiff failed to raise an issue of fact whether defendant's proffered reasons for discharging her were pretextual (see generally Roundtree, 294 AD2d at 878). Although plaintiff raised a question of fact whether defendant had knowledge that she was a victim of domestic violence, plaintiff failed to demonstrate any causal relationship between her status as a domestic violence victim and her termination that could conceivably demonstrate that the termination occurred [*2]under circumstances giving rise to an inference of discrimination (see generally Forrest, 3 NY3d at 308).
We further agree with defendant that the court erred in concluding that a question of fact exists whether defendant was required to accommodate plaintiff's status as a domestic violence victim under Executive Law § 296 (22). That provision states that it is "an unlawful discriminatory practice for an employer to refuse to provide a reasonable accommodation to an employee who is known by the employer to be a victim of domestic violence" (§ 296 [22] [c] [1]) and provides an exhaustive list of accommodations (see § 296 [22] [c] [2]). Even assuming, arguendo, that the provision applies retroactively to the time of plaintiff's termination, delaying a drug test or otherwise modifying the job policy to permit refusal of the drug test is not within the accommodations list. Moreover, to the extent the court determined that a question of fact exists whether plaintiff suffered from a mental disability resulting from domestic violence (see § 296 [22] [c] [6]), such a condition was not alleged in the complaint nor is it supported in the record (see generally Matter of Abram v New York State Div. of Human Rights, 71 AD3d 1471, 1473 [4th Dept 2010]).
We therefore reverse the order insofar as appealed from in appeal No. 2, grant defendant's cross-motion, and dismiss the complaint.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court