■ In the Matter of J-T Associates, Appellant, v Hudson River—Black River Regulating District et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (White, J.), entered August 2, 1990 in Fulton County, which partially dismissed petitioner's application, in a combined action for declaratory judgment and proceeding pursuant to CPLR article 78, to, *inter alia,* declare that respondent Hudson River—Black River Regulating District may not issue access permits over petitioner's property.

Petitioner, a general partnership, is the successor in title to certain real property located in the Town of Northampton, Fulton County, that was formerly owned by the Fulton, Johnstown & Gloversville Railroad Company, Inc. (hereinafter the

Railroad). In 1929 the Railroad, faced with condemnation by the State of much of its real property for creation of the Sacandaga Reservoir, deeded a large portion of the property to the State. In this deed the Railroad reserved to itself, its successors and assigns: "The right to use the lands herein described and the water placed thereon by the Board of Hudson River Regulating District, in such manner as not to interfere with the use of said lands for water storage purposes as provided by Article VII of the Conservation Law for the purpose of boating, bathing, fishing and all other water sports, for removal of ice, for the erection of piers, docks and boat-houses, and for any purpose, but subject, however, to such reasonable rules and regulations with respect thereto as may be made from time to time by the Board of Hudson River Regulating District."

After filing for bankruptcy in 1933, the Railroad deeded the remaining property to the trustee who sold several nonwater-front parcels from this property to members of the public. The individual respondents are some of the owners of these parcels. When the Railroad emerged from bankruptcy in 1944, the trustee reconveyed to the Railroad the property that he had not sold. The Railroad, in turn, deeded this property to Adirondack Properties, Inc. subject to all reservations and conditions of record. Petitioner thereafter acquired five contiguous parcels totaling 10.056 acres which include a parcel with 262 feet of land that allegedly fronts on Great Sacandaga Lake.

In March 1988, respondent Hudson River—Black River Regulating District (hereinafter the District) sent letters to the individual respondents for the purpose of ascertaining if they were eligible for an "access permit" on Great Sacandaga Lake. This letter informed the recipients that if their property was formerly owned by the Railroad and if they "have the reserved rights that go along with property formerly owned by [the] Railroad * * * the District will be able to issue you an Access Permit for 1988". This solicitation resulted in the issuance of 27 permits which gave each permitee a "non exclusive" 10-foot-wide access area to the lake. These access areas are located along petitioner's 262 feet of frontage. Petitioner objected to the District's action, claiming that as the successor in interest to the Railroad it has the exclusive right to use the land and water in this area. The permits automatically expire the last day of each year.

When the permits were reissued in 1989, petitioner initiated this combined declaratory judgment action and CPLR article

78 proceeding to (1) prohibit the District from ever reissuing access permits to the 262 feet of frontage it claimed the exclusive right to use, (2) void the then-current (1989) permits, (3) declare 6 NYCRR 606.85, 606.86 and 606.87, which allow certain water districts to issue permits to certain landowners for access to certain reservoirs, "inapplicable as against petitioner as being an unreasonable regulation and restraint on petitioner's property rights", and (4) award counsel fees, costs and disbursements. The District then moved to dismiss for failure to join necessary parties, i.e., the permit holders and the State. Supreme Court granted the motion and stayed the combined proceeding and action until the 27 permitees were served. Supreme Court found that the State was not a necessary party because its property rights were not in issue and its interests were represented by the District.

After service was completed, petitioner moved for summary judgment on its petition and complaint and requested sanctions and counsel fees. This motion was opposed. Supreme Court granted that part of petitioner's motion which sought to revoke the permits then extant, finding that the District had issued the permits pursuant to regulations that had not been filed as required. Supreme Court refused to decide if the District could reissue permits and, pursuant to CPLR 3212 (b), granted summary judgment dismissing, without prejudice, petitioner's request for a declaration that 6 NYCRR 606.85, 606.86 and 606.87 were "inapplicable as against petitioner" on the ground that, as raised by petitioner, this was a constitutional question and petitioner had obtained the relief it sought on a nonconstitutional ground. Petitioner appeals.

Based on the interest it acquired as successor to the rights reserved by the Railroad in its 1929 deed to the State, petitioner sought in its action a declaration that the rights reserved belong exclusively to it and on this appeal argues that Supreme Court erred in refusing to make such a declaration. We disagree with the contention of petitioner. Declaratory relief in these circumstances is inappropriate. A declaratory judgment serves a legitimate purpose only when all interested persons who might be affected by the enforcement of rights and legal relations are parties, but not otherwise. A court may and ordinarily must refuse to render a declaratory judgment in the absence of necessary parties *(Wood v City of Salamanca,* 289 NY 279, 282-283). If petitioner were to obtain the declaration that it seeks, the property rights of other property owners, many of whom are not parties here, could and would be adversely affected without affording them the

opportunity to be heard on the issue. Furthermore, there is nothing in the language of the reservation clause that indicates that its holder has exclusive rights. The rights of petitioner herein as the successor of the grantee of the reservation "will be considered not to be exclusive unless the opposite intent unequivocally appears" *(Jakobson v Chestnut Hill Props.,* 106 Misc 2d 918, 924). As to petitioner's claim that it is the only grantee of the Railroad to have been granted the rights contained in the reservation clause, petitioner has an adequate remedy in the form of a proceeding pursuant to RPAPL article 15 and, therefore, declaratory relief is inappropriate *(see, Automated Ticket Sys. v Quinn,* 90 AD2d 738, *affd* 58 NY2d 949).

Petitioner has asserted no adverse property claim against the District, nor does the District make such a claim. The District is an administrative agency empowered to grant nonexclusive permits over State land to applicants who qualify under 6 NYCRR 606.85, 606.86 and 606.87. Until petitioner's rights have been determined in an appropriate action, petitioner is unable to show how the issuing of the permits by the District is adverse, arbitrary and capricious as to it.

We conclude, therefore, that Supreme Court was correct in refusing to declare the subject regulations unconstitutional and in refusing to prohibit the District from issuing access permits to applicants pursuant to these regulations. Finally, the actions of the District have not been shown to have been improperly motivated when it refused to resolve petitioner's claim in petitioner's favor. Any such determination as to the rights and interests of the various property owners would be beyond the power of the District. Accordingly, there is no basis for the imposition of costs and sanctions against the District in this matter. The judgment appealed from should be affirmed.

Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.