■ SISTERS OF THE RESURRECTION, NEW YORK, INC., Plaintiff, v COUNTRY HORIZONS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. ASSOCIATION OF PROPERTY OWNERS OF SLEEPY HOLLOW LAKE, INC., et al., Third-Party Defendants-Respondents. [682 NYS2d 486] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 5, 1997 in Rensselaer County, which, *inter alia*, granted third-party defendants' cross motion for summary judgment dismissing the third-party complaint.

In June 1991, plaintiff entered into a contract with defendant Country Horizons, Inc. for the purchase of a building lot located in the development of Sleepy Hollow Lake in the Town

of Coxsackie, Greene County. The contract provided, *inter alia*, that if the Environmental Control Committee (hereinafter ECC) of third-party defendant Association of Property Owners of Sleepy Hollow Lake (hereinafter the Association) did not give approval to plaintiff's intended use of the property, plaintiff had the option to sell the property back to Country Horizons. Plaintiff subsequently applied to the ECC for approval of its proposed construction of a vacation convent. Following the denial of such application, plaintiff advised Country Horizons of its intent to exercise its option under the contract and sell back the property. When Country Horizons refused to repurchase the property pursuant to the aforesaid option, plaintiff commenced this action seeking enforcement of the option and Supreme Court (Travers, J.) granted summary judgment in plaintiff's favor. Consequently, defendants purchased the property back from plaintiff and then sold it to a third-party.

In the interim, defendants commenced a third-party action against the Association, its individual board members and the members of the ECC alleging three causes of action. In the first cause of action, defendants sought a declaration that third-party defendants violated the Association's "declaration of protective covenants" at the time that it denied plaintiff's application for approval of its construction plans. In their second cause of action, defendants sought a declaration that the restrictions contained in the Association's declaration of protective covenants were unenforceable. Finally, in the third cause of action, defendants alleged that third-party defendants discriminated against plaintiff in violation of Civil Rights Law §§ 19-a and 19-b, General Obligations Law § 5-331 and Executive Law § 296 (5) (b), (6) and (13) and § 297 (9).

Following joinder of issue, defendants moved for partial summary judgment on their first cause of action, and third-party defendants cross-moved for judgment dismissing the third-party complaint and/or summary judgment on the merits. Supreme Court denied defendants' motion and granted third-party defendants' cross motion, prompting this appeal by defendants.

We affirm. Supreme Court properly dismissed the first and second causes of action of the third-party complaint inasmuch as the declarations sought therein have reference to the building lot sold to plaintiff, which was sold to a third party during this litigation, thus rendering the issues moot. Moreover, as to the second cause of action, we note that the relief sought would affect all property owners within the community of Sleepy Hollow Lake, and inasmuch as such individuals were not joined as

parties the cause of action had to be dismissed (see, *Matter of J-T Assocs. v Hudson Riv.—Black Riv. Regulating Dist.*, 175 AD2d 438, 440-441, *lv denied* 79 NY2d 753).

We also are of the view that Supreme Court properly dismissed defendants' third cause of action.* Clearly, defendants lack standing to assert a cause of action under Executive Law §§ 296 and 297 because they were not the victims of any alleged discrimination by third-party defendants (see generally, *Dunn v Fishbein*, 123 AD2d 659), nor do they constitute a recognized organization representing a class such as plaintiff with a specific interest in the underlying litigation (compare, *National Org. for Women v State Div. of Human Rights*, 34 NY2d 416, 419-420). Finally, as to defendant's claim under Civil Rights Law § 19-b, we have only to note that in order to commence an action pursuant to Civil Rights Law article 2-A, defendants must demonstrate that the property involved is publicly assisted (see, Civil Rights Law § 18-a *et seq.*). Having failed to make such a showing, defendants are precluded from pursuing their Civil Rights Law § 19-b claim.

Mikoll, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While defendants have appealed from each and every part of the order, they have failed to address Supreme Court's dismissal of their claims under Civil Rights Law § 19-a and General Obligations Law § 5-331. Accordingly, we deem those matters to have been abandoned (see, *First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).