■ Louis Hancock, Appellant-Respondent, v City of New York et al., Respondents-Appellants. [707 NYS2d 832] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about November 24, 1998, which directed defendants to complete plaintiff's hiring process with the New York City Department of Correction and accord him back pay from July 6, 1989 to the date on which he is either hired or a decision is made not to hire him, as reduced by his actual earnings from other employment during the relevant period, unanimously reversed, on the law, without costs, plaintiff's appointment vacated, and the matter remanded for re-calculation of compensatory damages for the period July 6, 1989 to January 5, 1995, based upon the formula set forth in order of the same court (Louis B. York, J.), entered on or about May 3, 1995, but excluding consideration of overtime income plaintiff earned while working for the postal service. Appeal from order, Supreme Court, New York County (Ira Gammerman, J.), entered March 16, 1999, denying defendants' motion for reargument, unanimously dismissed, without costs, as taken from a non-appealable order.

Plaintiff, whose name appears on a now-expired civil service list, is no longer entitled to be hired as a correction officer, notwithstanding that he was improperly declared to have been ineligible for the job (*Matter of City of New York v New York State Div. of Human Rights*, 93 NY2d 768). By directing his appointment, the court violated article V, § 6 of the New York Constitution (*see, Hurley v Board of Educ.*, 270 NY 275, 279-280).

However, plaintiff is entitled to compensatory damages equal to the difference in the base pay he would have received as a correction officer and the base pay he received working for the Postal Service between July 6, 1989, the date the parties stipulated his test score was reached, and January 5, 1995, the first day of his trial before Justice York. Because it would require speculation to estimate the amount of overtime plaintiff would have worked as a correction officer, we find it inappropriate to include plaintiff's earned overtime for the Postal Service within the formula set forth in Justice York's May 3, 1995 order. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.