■ In the Matter of MICHAEL FISHMAN, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, et al., Appellants-Respondents, v RICHARD MILLS, as Commissioner of Education, et al., Respondents, and FEDCAP REHABILITATION SERVICES, INC., Respondent-Appellant. [742 NYS2d 710] —Carpinello, J. Cross appeals from a judgment of the Supreme Court (Tomlinson, J.), entered May 21, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, inter alia, dismissed the petition as time barred.

Petitioner Michael Fishman (hereinafter petitioner) is the president of a union representing approximately 40 maintenance workers who were previously employed by petitioner American Building Maintenance Company of New York, a private contractor which held the contract to clean the Long Island Rail Road terminal at Penn Station in New York City until November 1, 1999. In July 1999, New York State Industries for the Disabled, Inc. (hereinafter NYSID), on behalf of its designee, respondent Fedcap Rehabilitation Services, Inc., availed itself of the right as a preferred source provider employing severely disabled persons (see, State Finance Law § 162 [2] [d]) to be awarded the contract for these cleaning services upon the expiration of American Building's contract without complying with the competitive procurement provi-

---

sions of State Finance Law § 163. On August 23, 1999, the Office of General Services approved NYSID's proposal for a three-year period commencing November 1, 1999.

The record leaves no doubt that petitioner soon thereafter became aware of this decision and its inevitable impact on his members as he began to lobby with government officials to delay its implementation. Tellingly, a fax sent September 24, 1999 from the union to a New York City council member is contained in the record wherein the union protests the anticipated displacement of its workers. The fax recites that the "New York State Office of General Services *has approved* NYSID's cost proposal for cleaning the [Long Island Rail Road] terminal" (emphasis supplied). The union's lobbying efforts apparently met with some success as its members stayed on the job past the expiry date of American Building's contract, necessitating NYSID's submittal of a revised price schedule, which was ultimately approved by the Office of General Services on August 17, 2000. A formal agreement between the Long Island Rail Road and NYSID was countersigned by the latter on August 29, 2000.

This CPLR article 78 proceeding, commenced on October 17, 2000, challenges Fedcap's designation as a preferred source provider. The petition contends that Fedcap employs persons who are not "severely" disabled as required by State Finance Law § 162. Adopting respondents' objections in point of law, Supreme Court dismissed the proceeding as time barred. On appeal, petitioners contend that the August 17, 2000 approval of the revised price schedule is the operative date for purposes of measuring the commencement of the applicable four-month statute of limitations (*see,* CPLR 217 [1]). We disagree.

It is clear that the gravamen of the petition is a challenge to Fedcap's ability to qualify as a preferred source provider under State Finance Law § 162. The petition itself alleges that "Fedcap employs persons who are not severely disabled * * * resulting in the award of numerous contracts to Fedcap to which it was not entitled." Thus, the precise decision sought to be challenged (*see, Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846, 848) is Fedcap's qualification as a preferred source provider, a decision which was made well before the initial August 23, 1999 contract approval date. The fact that this proceeding is not intended to challenge the award of the August 29, 2000 contract itself is confirmed by petitioner's own conduct in commencing a separate CPLR article 78 proceeding in Supreme Court, New York County, against the Long Island Rail Road on September 29, 2000 challenging the August 29,

2000 contract. Since the actual decision petitioner is seeking to review is that which found Fedcap to be a preferred source provider and since that decision became final and binding as to petitioner on August 23, 1999 or, at the very latest, as of September 24, 1999, the date by which the consequences of Fedcap's ability to enjoy a preference in obtaining the contract were well known (*see, New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165; *Matter of Edmead v McGuire*, 67 NY2d 714, 716; *Matter of Monteiro v Town of Colonie*, 158 AD2d 246, 249), Supreme Court correctly dismissed the proceeding as untimely.

In light of this determination, we need not consider Fedcap's cross appeal challenging petitioners' standing to maintain this proceeding.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.