■ Peter Lukas et al., Appellants, v Michael C. Ascher et al., Respondents. [750 NYS2d 592] —Order and judgment (one paper), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered July 12, 2001, which, in a CPLR article 78 proceeding brought by a union of permanent Bridge and Tunnel Officers (BTOs) and its president to enjoin respondent Triborough Bridge and Tunnel Authority's (TBTA) use of temporary BTOs to fill vacant competitive positions, rather than appointing permanent BTOs from a certified eligible list of candidates who had passed a civil service examination, granted respondents' motions to dismiss the petition as moot, unanimously affirmed, without costs.

The proceeding was properly dismissed as moot upon a showing that the complained-of practice of hiring temporary BTOs on a long-term basis, in alleged violation of Civil Service Law § 64 (1) (c), occurred during a unique period of downsizing that attended respondents' transition to electronic toll collection (E-Z Pass), and that circumstances have significantly changed since the petition was brought in April 1996: E-Z Pass has been successfully implemented; a new civil service examination was given and a new eligible list established; TBTA has started hiring permanent BTOs again; and since February 2000, all BTOs, whether temporary or permanent, have been appointed from the new eligible list (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). Indeed, petitioners do not challenge this showing, or continue to claim a present violation of Civil Service Law § 64 (1) (c). Instead, changing thrust, petitioners now emphasize TBTA's present use of a large number of temporary BTOs not to fill vacancies but to cover for the absences of permanent BTOs due to illness, vacation and training, in alleged violation of Civil Service Law § 64 (1) (a). However, as the motion court noted, the doors of the courthouse are open should petitioners wish to bring a future proceeding based on the TBTA's alleged violation of section 64 (1) (a) (*see Matter of Many v Village of Sharon Springs Bd. of Trustees*, 234 AD2d 643, *lv denied* 89 NY2d 811).

Nor is the petition saved by a request for damages that,

because of the mootness of the primary injunctive relief sought, cannot be considered "incidental" within the meaning of CPLR 7806 (*see Matter of Schwab v Bowen*, 41 NY2d 907; *White v State of New York*, 161 Misc 2d 938, 941-942). Even if, arguendo, petitioner's alleged damages—the union dues and welfare fund contributions it would have received, and the overtime that permanent BTOs would have earned, if TBTA had hired permanent instead of temporary BTOs—can be considered incidental, they are nevertheless speculative (*see e.g. Hancock v City of New York*, 272 AD2d 80), and thus not "such as [petitioner] might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court" (CPLR 7806). For example, even if TBTA had been prohibited from hiring temporary BTOs, it could not have been compelled to appoint permanent BTOs, and, in theory, could have instead provided a lesser level of service to the public. Moreover, since the City respondents do not employ BTOs, they can in no event be held liable for the kind of damages sought (*see Matter of Coger v Davidoff*, 71 AD2d 1044, 1045; *cf. Matter of New York Post Corp. v Moses*, 10 NY2d 199, 205). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.