■ In the Matter of SHELTON JOHNSON, Appellant-Respondent, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents-Appellants. [824 NYS2d 39]—

Judgment (denominated an order), Supreme Court, New York County (Leland DeGrasse, J.), entered February 15, 2006, which granted the petition, brought pursuant to CPLR article 78, to the extent of annulling and vacating respondents' determination, dated February 6, 2003, that petitioner had forfeited his employment with the Department of Environmental Protection, and ordering respondent Department to pay petitioner $24,941.60 in back pay representing earnings due to lost overtime and weekend differentials, but denied the petition insofar as it sought petitioner's reinstatement to his former position at the North 15th Street Maintenance Yard in Brooklyn, New York, unanimously affirmed, without costs.

Although the court improperly deemed respondents' motion to vacate and modify the prior judgment, entered February 15, 2005, a motion to resettle (*see Foley v Roche*, 68 AD2d 558, 566 [1979]), the motion was properly granted (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]) to the extent of vacating the direction to place petitioner in the specific geographic location to which he was assigned before he was discharged, since there is no authority for such a requirement. Although petitioner was assigned to a different location, he was restored to the title he held before he was discharged and to the duties of that title.

The court also properly denied the motion to the extent of refusing to vacate that part of the judgment awarding petitioner back pay due to lost overtime and weekend premiums to the extent that those amounts can be documented (*cf. Hancock v City of New York*, 272 AD2d 80 [2000] [remanding for calculation of back pay excluding speculative amounts]; *Lukas v Ascher*, 299 AD2d 262 [2002]). Concur—Buckley, P.J., Tom, Mazzarelli, Saxe and McGuire, JJ.