In the Matter of PROPERTIES OF NEW YORK, INC., Appellant, v PLANNING BOARD OF THE TOWN OF STUYVESANT et al., Respondents. [825 NYS2d 575]—

Rose, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 16, 2005 in Columbia County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct the Town of Stuyvesant to reimburse it for certain consultant fees.

Petitioner applied to respondents for approval of a real property subdivision and was informed that it must pay all fees incurred by respondents for the services of engineers and attorneys to review and assess the application. Petitioner paid the fees initially, but soon began to withhold payment and question the amounts charged. After being advised that the application would not proceed without payment in full, petitioner made the remaining payments under protest. Payments were completed on April 20, 2004, and the final plat was endorsed eight days later. Petitioner then wrote respondents on June 24, 2004 demanding an audit and return of most of the amounts previously paid on the ground that respondents had exceeded their authority by requiring such payments. When respondents declined to do so, petitioner commenced this CPLR article 78 proceeding on August 27, 2004 to challenge imposition of the fees. Supreme Court dismissed the petition as time-barred, finding that the four-month statute of limitations accrued on April 20, 2004, the date of the last payment, and not—as argued by petitioner—eight days later on the date of the endorsement of the final plat. Petitioner appeals.

While we agree that the proceeding is time-barred, we cannot agree with Supreme Court that petitioner's last payment commenced the limitations period. The question of when the four months began to run is answered by identifying the administrative action or determination to be reviewed and deciding when it became final and binding (see CPLR 217 [1]). It is well settled that an administrative action becomes final and binding when it has an impact upon a party and the party is clearly aggrieved by it (see Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; Matter of Hunt Bros. Contrs. v Glennon, 214 AD2d 817, 819 [1995]; New York City Off Track Betting Corp. v State of N.Y. Racing & Wagering Bd., 196 AD2d 15, 18 [1994], lv denied 84 NY2d 804 [1994]). The Court of Appeals has articulated a two-part test for identifying when an administrative action is final and binding upon a petitioner. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated either by further

administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005] [citations omitted]; *see Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540, 547-548 [2006]).

In our view, the action to be reviewed here was respondents' unambiguous notification to petitioner that each payment was required and the application would not proceed without it. Respondents' letters and e-mails, all communicated well before petitioner's last payment, left no doubt that respondents had reached a definitive position regarding payment that inflicted actual, concrete injury on petitioner and offered no alternative or opportunity for amelioration. Accordingly, the cause of action accrued well before the date fixed by Supreme Court.

Petitioner's contention that respondents charged these fees to petitioner as part of the subdivision approval process, which was not complete until the final plat was endorsed, is unavailing because endorsement of the plat in no way altered petitioner's obligation to pay. Unlike the petitioners in *Matter of Eadie v Town Bd. of Town of N. Greenbush* (7 NY3d 306 [2006]), who challenged a State Environmental Quality Review Act determination favoring rezoning only after enactment of the rezoning, petitioner here suffered "concrete injury" when the fees were imposed rather than when final approval was granted (*id.* at 316). Finally, petitioner's subsequent demand for an audit and return of certain fees paid was plainly a request for reconsideration and did not operate to extend the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983], *cert denied* 469 US 823 [1984]; *Matter of Reynoso v McGinnis*, 32 AD3d 1147, 1148 [2006]).

Cardona, P.J., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.