◼ In the Matter of DELTA KAPPA EPSILON (DKE) ALUMNI CORPORATION et al., Appellants, v COLGATE UNIVERSITY et al., Respondents. [831 NYS2d 577]—

Rose, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered March 7, 2006 in Madison County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, granted respondents' motion to dismiss the petition/complaint.

In 2003, respondent Colgate University adopted a program requiring existing fraternities and sororities to sell their chapter houses to the university. Colgate also declared that if the houses were not sold by a stated deadline, it would withdraw recognition of the fraternity or sorority and prohibit its students from residing in them. When the local Mu chapter of Delta Kappa Epsilon (hereinafter DKE) failed to sell and Colgate withdrew recognition of that fraternity, petitioners commenced this combined CPLR article 78 proceeding and plenary action seeking annulment of DKE's loss of recognition and money damages. Respondents moved to dismiss the petition/complaint for failure to state a cause of action and as time-barred. Supreme Court agreed with respondents as to both grounds for dismissal and granted their motion. Petitioners now appeal.

Petitioners do not dispute that a four-month statute of limitations is applicable to their combined action/proceeding (see CPLR 217 [1]; Matter of Riverkeeper, Inc. v Crotty, 28 AD3d 957, 959 [2006]), and the record supports Supreme Court's determination that their claims are time-barred. The four-month limitations period begins to run when the mandate being challenged becomes "final and binding" as to the complaining party (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]). "[F]inal and binding" contemplates that the agency has reached a definitive position, there will be no further change of that position and the petitioner has no opportunity to avoid injury other than by complying with the agency's demands (see id. at 34; Matter of Properties of New York, Inc. v Planning Bd. of Town of Stuyvesant, 35 AD3d 941, 942 [2006]). The record here reflects that Colgate took a definitive position as to the loss of recognition in June 2004, and DKE's time to agree to a sale and avoid the loss of recognition expired on November 30, 2004. Thereafter, by a letter issued on December 9, 2004, Colgate notified petitioners that fraternities which had not conveyed their chapter houses would not be recognized and could no longer house university students following the end of the school year. We agree that this letter made Colgate's determination to withdraw recognition final and binding as to DKE, inasmuch as no further administrative remedy was available and nothing short of DKE's capitulation could have avoided it. Since petitioners did not commence this combined action/proceeding until November 9, 2005, it clearly was untimely. In view of this determination, petitioners' remaining contentions are academic.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.