[882 NE2d 386, 852 NYS2d 817]

In the Matter of SHELTON JOHNSON, Respondent, v NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al.,
Appellants.

Argued January 3, 2008; decided February 12, 2008

42

## POINTS OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Stephen J. McGrath, Leonard Koerner, Spencer Fisher, Eric Eichenholtz* and *Ellen Ravitch* of counsel), for appellants. The record in this proceeding establishes that petitioner, upon his conviction for criminal possession of a forged instrument in the third degree, forfeited his employment with the City of New York pursuant to New York City Charter § 1116 (a). (*Matter of Duffy v Ward,* 81 NY2d 127; *Matter of Maldarelli v Doherty,* 7 AD3d 384, 4 NY3d 703; *Matter of Bowman v Kerik,* 271 AD2d 225; *Matter of Segars v City of Buffalo,* 237 AD2d 910; *People v Kane,* 161 NY 380; *Matter of Ferdinand v Moses,* 262 App Div 1001, 287 NY 854; *Matter of DePaolo v Bronstein,* 45 AD2d 691, 35 NY2d 642; *Matter of Briggins v McGuire,* 67 NY2d 965, 479 US 930; *Matter of Felix v New York City Dept. of Citywide Admin. Servs.,* 3 NY3d 498; *Matter of Finegan v Cohen,* 275 NY 432.)

*Schwartz, Lichten & Bright, P.C.,* New York City (*Stuart Lichten* of counsel), for respondent. I. A permanent appointee cannot be summarily discharged upon conviction of a misdemeanor which does not necessarily constitute a fraud upon the City of New York. (*Matter of Duffy v Ward,* 81 NY2d 127; *Matter of Foley v Bratton,* 92 NY2d 781; *People v Seeber,* 4 NY3d 780; *People v Cepeda,* 29 AD3d 491, 7 NY3d 810; *Matter of Ferdinand v Moses,* 262 App Div 1001.) II. The plain language of New York City Charter § 1116 (a) prescribes the penalty of forfeiture only for conviction under the statute. (*People v Miller,* 248 AD2d 404; *People v Kane,* 161 NY 380; *People v Engel,* 200 Misc 60; *Matter of Maldarelli v Doherty,* 7 AD3d 384, 4 NY3d 703.) III. Appellants have waived their right to discharge Shelton Johnson for this conviction.

## OPINION OF THE COURT

Pigott, J.

In 1993, respondent New York City Department of Environmental Protection (DEP) hired petitioner as a construction laborer, a competitive class position in the New York City civil service. In January 2003, petitioner was arrested for allegedly stealing DVDs from a video store. Upon his arrest, police searched petitioner's car and discovered a forged DEP placard and shield. Petitioner was charged with, among other things, two counts of criminal possession of a forged instrument in the second degree. Two weeks later, petitioner pleaded guilty to one count of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), a class A misdemeanor, in satisfaction of all charges. He was sentenced to a conditional discharge and the imposition of a $500 fine.

Upon learning of petitioner's guilty plea, DEP obtained a copy of the criminal complaint and certificate of disposition, the latter which merely set forth the charge to which petitioner pleaded guilty but contained no factual basis for the plea; DEP also met with petitioner to discuss the criminal charges and his plea. After the meeting, DEP notified petitioner that, because he had pleaded guilty to the crime of criminal possession of a forged instrument in the third degree, he automatically forfeited his employment pursuant to NY City Charter § 1116 (a). That section provides that:

> "Any . . . officer or employee of the city who shall wilfully violate or evade any provision of law relating to such officer's office or employment, or com-

mit any fraud upon the city, or convert any of the public property to such officer's own use, or knowingly permit any other person so to convert it . . . shall be deemed guilty of a misdemeanor and in addition to the penalties imposed by law and on conviction shall forfeit such office or employment, and be excluded forever after from receiving or holding any office or employment under the city government" (NY City Charter § 1116 [a]).

Petitioner thereafter commenced this CPLR article 78 proceeding against the DEP and respondent Christopher O. Ward, Commissioner of the DEP, seeking, among other things, a declaration that his termination without a formal charge or a hearing was arbitrary and capricious. Petitioner sought reinstatement, back pay and other benefits owed to him as a result of his wrongful termination. Respondents answered, asserting that pursuant to NY City Charter § 1116 (a) petitioner automatically forfeited his position upon his plea of guilty and therefore neither a formal charge nor a hearing was necessary. Supreme Court dismissed the petition, holding that petitioner's plea to violating Penal Law § 170.20 was tantamount to an admission that he committed a "fraud upon the city" within the meaning of section 1116 (a) and, therefore, respondents were not required to afford petitioner a pretermination hearing.

The Appellate Division reversed and remanded, holding that petitioner's conviction, "standing alone, without factual inquiry, does not show that petitioner perpetrated a 'fraud upon the city,' violated any law relating to his employment, or converted any city property to his own use within the meaning of section 1116" (7 AD3d 383, 384 [1st Dept 2004]). On remand, Supreme Court annulled the forfeiture determination and ordered petitioner's reinstatement with back pay. The Appellate Division affirmed that judgment (34 AD3d 241, 242 [1st Dept 2006]). Respondents' appeal to this Court brings up for review both the previous nonfinal Appellate Division order vacating respondents' decision to terminate petitioner without a hearing and the Appellate Division's affirmance of Supreme Court's order of reinstatement with back pay.

In reversing the dismissal of the petition, the Appellate Division relied on *Matter of Duffy v Ward* (81 NY2d 127, 134 [1993]), in which we held that the provision in Public Officers Law § 30 (1) (e) requiring dismissal of a public officer upon conviction of "a crime involving a violation of his [or her] oath of office"

could be applied only where "the violation is apparent from the Penal Law's definition of the crime." We conclude, however, that to apply the *Duffy* approach to section 1116 (a) would render the application of the charter provision so narrow that it would largely defeat its purpose. The Penal Law sections under which frauds on the City are most likely to be prosecuted— including the one at issue in this case and other sections prohibiting forgery, larceny and related crimes—do not on their face provide that the City of New York must be the victim of the fraud. Where the City is, in fact, the victim, the automatic termination sanction of section 1116 (a) should follow from conviction.

We nevertheless affirm the Appellate Division's order because the record on which DEP relied, as presented by DEP to Supreme Court, is insufficient to establish the applicability of section 1116 (a). Petitioner was convicted of criminal possession of a forged instrument in the third degree. A person is deemed guilty of that offense "when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument" (Penal Law § 170.20). While it is undisputed that petitioner pleaded guilty to that crime, there is no record evidence that petitioner in so pleading admitted to possessing a forged DEP placard or shield so as to fall within the "fraud upon the city" requirement of section 1116 (a). Absent such evidence, petitioner's conviction for that offense, standing alone and without a factual inquiry, is insufficient to support respondents' summary dismissal of petitioner under that charter provision. We note, however, that such inquiry, under circumstances such as these, need only consist of ascertaining the facts upon which the plea was based, from the plea allocution, for example, or other substantial evidence to support the contention that petitioner's conviction was for conduct falling within the proscribed activities of section 1116 (a).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.