■ In the Matter of CHERYL HOGG-CHAPMAN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [920 NYS2d 834]—

Spain, J.P. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered January 25, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for disability retirement benefits.

Petitioner, a former school counselor, applied for disability retirement benefits in November 2007 after falling on the stairs at work. After a review of petitioner's medical records, respondent's Medical Board concluded that there was no basis upon which to grant petitioner's request for disability retirement benefits and informed petitioner it would be recommending such to respondent. Thereafter, by letter dated August 8, 2008, respondent notified petitioner that it accepted the Medical Board's recommendation, and her application for disability retirement benefits was denied. In April 2009, petitioner commenced this proceeding challenging the August 2008 determination. Supreme Court dismissed the petition, finding that the instant challenge was barred by the applicable four-month statute of limitations, and this appeal ensued.

Pursuant to CPLR 217 (1), "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." To that end, "an administrative determination becomes final and binding when it definitively impacts and aggrieves the party seeking judicial review" (*Matter of Scott v City of Albany*, 1 AD3d 738, 739 [2003]). Here, there is no dispute that respondent notified petitioner in August 2008 that her application for disability retirement benefits was denied. Petitioner's submission to the Medical Board of additional medical evidence and her request that it reconsider its recommendation did not serve to toll the statute of limitations period or make respondent's determination any less final (*see Matter of Paterson v New York State Teachers' Retirement Sys.*, 25 AD3d 899, 900 [2006]; *Matter of Alterra Healthcare Corp. v Novello*, 306 AD2d 787, 788-789 [2003]; *Matter of Crest Mainstream v Mills*, 262 AD2d 846, 847 [1999]). Accordingly, inasmuch as this proceeding was commenced more than four months after respondent rendered its determination, Supreme Court properly dismissed the petition as time barred.

Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.