In the Matter of ANGELA ADAMS, Appellant, v GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services, Respondent. [927 NYS2d 403]—

Stein, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered January 14, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

This proceeding arises out of certain conduct of the New York State Office of Children and Family Services (hereinafter OCFS) in relation to a licensed daycare facility owned and operated by petitioner in the City of Ithaca, Tompkins County. When OCFS inspected the facility in March 2005 in anticipation of petitioner's license renewal, she was informed that she was in violation of several regulations and was provided with a corrective action plan. Petitioner made some corrections, but disputed the majority of the cited violations. OCFS continued to send petitioner communications indicating that she was not in compliance. In accordance with its practice, OCFS posted the results of its inspections on its Web site. Petitioner first became aware of this in October 2005. Petitioner's facility was again inspected in December 2005 and January 2006, and violations were again noted. In February 2006, OCFS allegedly directed the Tompkins County Day Care Council to remove petitioner's facility from its referral list.

OCFS subsequently notified petitioner in June 2006 that she was in full compliance, either as a result of corrective action taken by her or because certain of the alleged violations had not been substantiated. The previous cited violations nevertheless remained on OCFS's Web site, although they were marked as "corrected," with no distinction being made between those that were actually corrected and those that were unsubstantiated. Taking the position that the listed violations were all unsubstantiated, petitioner's attorney made a written request to OCFS in July 2006 that the misleading information be removed from the Web site. Based upon the failure of OCFS to take any action,

petitioner's counsel sent two subsequent letters, one in August 2006 and one in October 2006, requesting correction of the Web site. In the August 2006 letter, petitioner's counsel noted that "[s]ince there has been no response to [petitioner's] previous request for correction, and we have not been advised of any other appeal process, [petitioner] will consider this communication as exhausting her administrative remedies." It is undisputed that OCFS never responded to these communications.

In March 2007, petitioner commenced a CPLR article 78 proceeding seeking, among other things, a review of the alleged arbitrary and capricious conduct of OCFS, an order directing OCFS to remove from its Web site all unsubstantiated violations with respect to her daycare facility and compelling OCFS "to provide petitioner and others similarly situated with a mechanism to challenge findings of violations." That proceeding was ultimately dismissed, without prejudice, for lack of personal jurisdiction. In the meantime, petitioner closed her daycare facility. Petitioner then commenced this CPLR article 78 proceeding in March 2009 seeking the same relief, in addition to money damages. Respondent moved to dismiss the petition on various grounds. Supreme Court granted respondent's motion on the basis that the proceeding was untimely and this appeal ensued.

We affirm. The record supports Supreme Court's conclusion that petitioner's claim is time-barred. The four-month limitations period applicable to CPLR article 78 proceedings of this nature begins to run when the agency has reached a final and binding determination (see CPLR 217 [1]; see generally Matter of Delta Kappa Epsilon [DKE] Alumni Corp. v Colgate Univ., 38 AD3d 1041, 1042 [2007]). A determination becomes final and binding for statute of limitations purposes when the party seeking judicial review is definitely impacted and aggrieved (see Matter of Hogg-Chapman v New York State Teachers' Retirement Sys., 83 AD3d 1261, 1262 [2011]; Matter of Luyster Cr., LLC v New York State Pub. Serv. Commn., 82 AD3d 1401, 1402-1403 [2011], lv granted 17 NY3d 703 [2011]). In determining whether an agency determination is final, "consideration must be given to the completeness of the administrative action and a pragmatic evaluation [must be made] of whether the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998] [internal quotation marks and citations omitted]). There must be also consideration as to whether the injury inflicted can be " 'ameliorated by further administrative action or by steps available to the complaining party' " (Walton v New York State Dept.

*of Correctional Servs.*, 8 NY3d 186, 194 [2007], quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]).

Petitioner's argument here that OCFS never made a final determination—because it never responded to her requests to change the information pertaining to her facility on its Web site—is unpersuasive. Arguably, a final determination occurred when OCFS notified petitioner on June 7, 2006 that the alleged violations either were corrected or found to be unsubstantiated. At the latest, the limitations period began to run in August 2006, when petitioner first acknowledged that she had exhausted her administrative remedies. It can be inferred from this acknowledgment that petitioner recognized that OCFS had arrived at a definitive position and believed that she was injured thereby (*see Matter of Essex County v Zagata*, 91 NY2d at 453).* Her repeated requests for further action did not render the determination less final (*see generally Matter of Fishman v Mills*, 294 AD2d 764, 765 [2002]). Inasmuch as this proceeding was not commenced within the limitations period, it was properly dismissed.

Even if petitioner's claims were not barred by the statute of limitations, dismissal would have been appropriate on the grounds either that they are moot, inasmuch as the violations have since been removed from the OCFS Web site (*see City of New York v Maul*, 14 NY3d 499, 507 [2010]), and/or that petitioner lacks standing to bring them because she is no longer a registered daycare provider (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). As a result of the dismissal of petitioner's primary equitable claims for relief, the damages she seeks are no longer incidental to a primary request for relief and are, therefore, not recoverable in this proceeding (*see Stefanis v Town of Middletown*, 56 AD3d 980, 981 [2008]; *Lukas v Ascher*, 299 AD2d 262, 262-263 [2002]; *Matter of United Pioneer Corp. v Office of Gen. Servs. of State of N.Y.*, 155 AD2d 849, 850 [1989]).

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* This acknowledgment was further reflected in petitioner's commencement of a CPLR article 78 proceeding in March 2007.