■ In the Matter of JOHN MCDONALD et al., Appellants, v BOARD OF THE HUDSON RIVER-BLACK RIVER REGULATING DISTRICT et al., Respondents. [927 NYS2d 706]—

Peters, J.

This proceeding arises out of a dispute between proximate landowners near the Great Sacandaga Lake in Saratoga County.

All of the land encircling the lake is owned by the State of New York and is regulated, in part, by the Hudson River-Black River Regulating District. In that capacity, respondent Board of the Hudson River-Black River Regulating District administers a permit system through which nearby landowners may apply for access to the lake over the state-owned land. Petitioners were first granted an access permit by the Board in February 1997 and have renewed their permit annually since. This permit grants petitioners exclusive use of a tract of land that extends from County Route 7 to the lakefront, "[e]xcepting the portion used for highway purposes."

Respondent Judith Campbell is the owner of a parcel of real property located four properties south of petitioners' parcel, which she acquired in 1971. Since that time, Campbell has accessed her house via a roadway that partially traverses petitioners' permitted area. In 2006, petitioners sought to obstruct Campbell's use by placing certain objects in the roadway, but were instructed by Saratoga County to remove the objects, as they fell within the boundaries of County Route 7. In May 2007, petitioners met with counsel for the District seeking to enjoin Campbell from using the roadway. Thereafter, respondent Glenn LaFave, the Board's executive director, informed petitioners that the portion of the roadway that they sought to enjoin Campbell from using was entirely contained within the right-of-way maintained by Saratoga County for County Route 7 and, in accordance with the limitation in petitioners' access permit, was exempted from petitioners' exclusive use.

Two years later, petitioners sent a letter to LaFave requesting that the Board reconsider its previous determination with regard to Campbell's use of the roadway. When no response from the Board was forthcoming, petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment against Campbell, LaFave, the Board, respondent Saratoga County Department of Public Works (hereinafter Department) and respondent Joseph Ritchey, as the Commissioner of Public Works, seeking to enjoin Campbell from entering their permitted area. Specifically, the CPLR article 78 proceeding, in the nature of mandamus, sought to compel the Board to enforce its own regulations with regard to petitioners' permitted area and to compel the Department to require Campbell to request a driveway permit. The declaratory judgment action sought a declaration that Campbell had no legal right to traverse petitioners' permitted area and permanently enjoining her from doing so. Supreme Court dismissed the petition and petitioners now appeal.

Initially, the petition as against LaFave and the Board is barred by the statute of limitations, as it was commenced more than four months after the determination to be reviewed became final and binding upon petitioners (*see* CPLR 217 [1]; *Matter of Hogg-Chapman v New York State Teachers' Retirement Sys.*, 83 AD3d 1261, 1262 [2011]). A determination becomes final and binding for statute of limitations purposes when the party seeking judicial review is definitely impacted and aggrieved (*see Matter of Hogg-Chapman v New York State Teachers' Retirement Sys.*, 83 AD3d at 1262; *Matter of Luyster Cr., LLC v New York State Pub. Serv. Commn.*, 82 AD3d 1401, 1402-1403 [2011], *lv granted* 17 NY3d 703 [2011]). Here, in response to the request that the Board enforce petitioners' right to prohibit Campbell from using the roadway, LaFave sent a letter to petitioners on July 2, 2007 in which he made it clear that, because the portion of the roadway contained in petitioners' permit area was entirely contained within the right-of-way maintained by Saratoga County, the District was without authority to bar its use by Campbell. Thus, the Board's determination became final and binding upon petitioners at that time, notwithstanding petitioners' letter of July 6, 2009 that requested that the Board "reverse its previous position as stated in your letter to [petitioners] dated July 2, 2007." As a result, this proceeding as against LaFave and the Board, commenced by petitioners in October 2009, was untimely (*see Matter of Delta Kappa Epsilon [DKE] Alumni Corp. v Colgate Univ.*, 38 AD3d 1041, 1042 [2007]). We reject petitioners' contention that LaFave and the Board failed to preserve this argument, inasmuch as a statute of limitations defense was raised in their answer.

Turning to the part of Supreme Court's judgment that dismissed the proceeding as against the Department and Ritchey, petitioners have failed to raise any issues in their brief on appeal with respect to the purported failure by those respondents to require that Campbell request a driveway permit and, therefore, their appeal with regard to that issue must be deemed abandoned (*see Matter of Perez v Licea*, 74 AD3d 1672, 1673 n 1 [2010], *lv denied* 15 NY3d 711 [2010]; *De Cicco v Madison County*, 300 AD2d 706, 707 n [2002]).

Finally, we affirm Supreme Court's dismissal of the petition as against Campbell, albeit for a different reason. Inasmuch as petitioners sought a limited declaration that "Campbell has no legal right to traverse the petitioners' access area, and must be permanently enjoined[ ] from crossing petitioners' access area," we disagree with Supreme Court's conclusion that the adjoining

landowners' rights would be adversely affected without their having been afforded the opportunity to be heard (*compare Sisters of Resurrection, N.Y. v Country Horizons*, 257 AD2d 729, 730-731 [1999]; *Matter of J-T Assoc. v Hudson Riv.—Black Riv. Regulating Dist.*, 175 AD2d 438, 440-441 [1991], *lv denied* 79 NY2d 753 [1992]). However, as it is undisputed that the portion of the roadway in petitioners' permit area that they seek to enjoin Campbell from using falls completely within the right-of-way maintained by Saratoga County for County Route 7, and petitioners' exclusive use of that area is specifically exempted in their access permit, we find that they are not entitled to a declaratory judgment in their favor prohibiting Campbell's use.

The remaining arguments have been examined and found to be without merit.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.