Farkas v River House Realty Co., Inc. (2019 NY Slip Op 04322)





Farkas v River House Realty Co., Inc.


2019 NY Slip Op 04322


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9513 151659/17

[*1]Arlene Farkas, Plaintiff-Appellant,
v
River House Realty Co., Inc., et al., Defendants-Respondents.


Jaroslawicz & Jaros PLLC, New York (David Tolchin and David Jaroslawicz of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, New York (Laura B. Juffa of counsel), for River House Realty Co., Inc., John Allison, Manuel Balbontin, Charles Hughes, Jeffrey Leeds and Rosalind Walter, respondents.
Dilworth Paxson LLP, New York (Ira N. Glauber of counsel), for Elizabeth R. Kabler, respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 16, 2018, which, insofar as appealed from, granted defendants' motions to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.
Plaintiff owned a cooperative apartment (the Apartment) in the building owned by defendant River House. Plaintiff entered into a contract to sell the Apartment to the French Republic, for use as the official residence of its ambassador to the United Nations. Plaintiff alleges that defendants violated the anti-housing discrimination provisions of the New York State and City Human Rights Laws (State and City HRLs), or aided and abetted the violation of those statutes, by imposing uniquely onerous conditions on approval of the sale (see Executive Law § 296[5][a][2]; Administrative Code of City of NY § 8-107[5][a][1][b]). Plaintiff has failed to state a claim under any of these statutes, however, as she has failed to plead any concrete factual allegations in support of her claim that defendants were motivated to frustrate the sale by anti-French bias (see McCabe v Consulate Gen. of Can., 170 AD3d 449, 450 [1st Dept 2019]; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]).
This defect is likewise fatal to plaintiff's claims under Civil Rights Law (CRL) § 19-a. Plaintiff has further failed to plead that River House is a "publicly assisted housing accommodation" (CRL § 18-b[3][e]), a necessary element of a claim brought under CRL article 2-a (see CRL § 18-e; Sisters of Resurrection, N.Y. v Country Horizons, 257 AD2d 729, 731 [3d Dept 1999]; Bachman v State Div. of Human Rights, 104 AD2d 111, 111, 114 [1st Dept 1984]).
Plaintiff has failed to plead that there was an actual breach of her contract with the French Republic, an indispensable element of a claim for tortious interference with contract (see NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 620-621 [1996]; Alavian v Zane, 101 AD3d 475, 476 [1st Dept 2012], lv denied 21 NY3d 862 [2013]). Moreover, even according plaintiff the benefit of every favorable inference on this motion to dismiss on the pleadings, the record indicates that defendant Kabler, against whom plaintiff levels her tortious interference claim, had "justification" for opposing the sale (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]).
We have no occasion to consider Kabler's request for sanctions, in light of her failure to cross-appeal from the denial of her sanctions request below (see Seldon v Spinnell, 95 AD3d 779, 779 [1st Dept 2012], lv denied 20 NY3d 857 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK