In the Matter of Rugby Funding Ltd., Appellant, v. Francis C. Schreck, as Commissioner of Public Welfare of the County of Albany, Respondent.

Third Department, March 8, 1968.

*Cooper, Erving & Savage* (*Eugene P. Devine* and *Andrew A. Matthews, Jr.,* of counsel), for appellant.

*John J. Clyne, County Attorney,* for respondent.

*Louis J. Lefkowitz, Attoney-General* (*Ruth Kessler Toch* and *Alan W. Rubenstein* of counsel), for Commissioner of Social Services, *amicus curiae.*

HERLIHY, J. This is an appeal by petitioner from a judgment of Special Term dismissing its petition in the nature of mandamus pursuant to article 78 of the CPLR on the merits.

The issue in this proceeding is whether or not an assignment by a dentist of his " Medicaid " claims against a county is valid and enforcible against such county.

On April 13 and April 26, 1967, Samuel B. Jefferson, D.D.S., executed in favor of the appellant assignments of his claims against Albany County for dental services rendered pursuant to the Medicaid program. On May 11, 1967 the County Attorney advised the petitioner " that Commissioner Schreck does not intend to honor said assignment." No reason was given for such refusal. The answer of the respondent to the petition likewise asserts no reason for such refusal. No brief was filed on behalf of the respondent in this appeal, but the Commissioner of Social Services of the State of New York has filed a brief *amicus curiae.*

It appears that Special Term held that pursuant to section 367-a of the Social Welfare Law, payments are restricted to the supplier of medical assistance. This court considers controlling section 13–101 of the General Obligations Law which provides: " Any claim or demand can be transferred, except in one of the following cases  *  *  *  3. Where a transfer thereof is expressly forbidden by a statute of the state, or of the United States, or would contravene public policy." None of the statutes or regulations referred to by Special Term expressly prohibit the assignment of Medicaid claims. (See Social Welfare Law, § 137 for express prohibitions.)

The *amicus curiae* argues that such assignments are against public policy.

There is no showing of any undue administrative problems created by the allowance of such assignments. It appears that the petitioner correctly argues that the ability of the suppliers of Medicaid assistance to obtain prompt reimbursements by discounting and assigning their claims would promote their co-

operation with this social program. In any event, the discounting, pledging and assigning of accounts receivable is an accepted procedure in the ordinary course of business activity. The language of the statutes and regulations dealing with this social program and brought to the attention of this court is not sufficient to infer that such assignments would contravene public policy.

From the record and the briefs it is apparent that the payment procedure pursuant to section 367-a of the Social Services Law, as added by chapter 256 of the Laws of 1966 and a part of title 11 entitled "Medical Assistance for Needy Persons" is the primary responsibility of the county. It must pay the appropriate fee for medical services and supplies rendered and thereafter the county simply claims reimbursement from the State and the State in turn from the Federal Government. Payment to the supplier does simplify matters for accounting purposes, but an assignment of such claims does not seem to lend itself to duplication of accounting systems or harassment in regard to the propriety of payments made in accordance with vouchers duly executed.

If there is some public policy not here apparent against the assignment of these claims, the Legislature can effectuate such policy by amending the Social Welfare Law, but there is presently no express legal restriction against assignment in the statute and in consideration of the General Obligations Law, such practice does not contravene public policy.

It is to be noted that the respondent did not deny the allegation in the petition to the effect that the assignments did in fact transfer the subject rights of the assignor to the appellant and also that such answer denies "knowledge or information sufficient to form a belief" as to the basis of the respondent Commissioner's refusal to honor the assignments.

The judgment should be reversed, on the law and the facts, and the petition granted, without costs.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment reversed, on the law and the facts, and petition granted, without costs.