■    IMFC PROFESSIONAL SERVICES, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60107.)—Judgment unanimously affirmed, with costs. Memorandum: On May 11, 1972 IMFC filed a UCC-9-402 financing statement with the County of Monroe and the State of New York covering "Present and future Medicaid and Medicare Accounts Receivable and all instruments evidencing same" of Walters Ambulance Service, Inc. On November 15, 1973 IMFC and Walters Ambulance entered into a "Purchase Agreement" in which IMFC agreed to purchase accounts receivable from Walters at 92% of the amount due. Walters granted IMFC a security interest in all of its receivables "now in existence and which may at any time hereafter come into existence". Based upon the purchase agreement, IMFC advanced money to Walters Ambulance until July 2, 1975. Following the failure of Walters Ambulance to pay trust funds for employees' income withholding tax, the State Tax Department filed a tax warrant on October 8, 1975 in the amount of $6,367.67 with the Monroe County Clerk. Pursuant to this warrant and between November 24, 1975 and March 3, 1976 the State Tax Department levied upon and collected $5,265.50 in Medicaid payments which were owed to Walters Ambulance by the Monroe County Department of Social Services. IMFC commenced this proceeding by filing its claim against the State on March 31, 1976 in the amount of $5,265.50 to recover the moneys allegedly wrongfully levied upon by the State Tax Department. IMFC moved for summary judgment in the action which the Court of Claims granted finding "that claimant perfected his security interest lien and gave notice to the Monroe County Clerk and the Secretary of the State of New York by sending them copies of the * * * UCC Financing Statement. Claimant's lien having priority over the tax lien, the

claimant is entitled to a refund in the amount of $5,265.50 as demanded". On this appeal the State contends that since section 367-a of the Social Services Law provides that "no assignment of the claim of any supplier of medical assistance shall be valid and enforceable as against any social services district" the assignment of Monroe County Social Services medical assistance payments from Walters to IMFC is invalid and unenforceable and the State valid tax warrant filed October 8, 1975 evidences the superior interest. We do not agree. Prior to the 1971 amendment of section 367-a, the courts have held that a social services district could not refuse to honor an assignment by a supplier of Medicaid assistance of his claim against the district. This was true despite a provision in that statute that payment be made to the supplier of medical assistance. Considering the provisions contained in section 13-101 of the General Obligations Law, the court found no express legal restriction against assignments in the statute and no contravention of public policy, but noted that "If there is some public policy not here apparent against the assignment of these claims, the Legislature can effectuate such policy by amending the Social Welfare Law [now Social Services Law]" *(Matter of Rugby Funding v Schreck,* 29 AD2d 310, 312, affd 25 NY2d 840). As a result of this decision, the Legislature did amend section 367-a of the Social Services Law in 1971 so that no assignment of the claim of any supplier of medical assistance shall be valid and enforceable against any social services district (L 1971, ch 449, § 1, eff June 17, 1971). The amendment was enacted to enable the social services district to pay the supplier regardless of any assignment and to relieve the district from the potential liability and increased administrative burdens involved in such assignments (McKinney's 1971 Session Law of NY, Legislative Memoranda, pp 2419, 2420). The amendment does not invalidate the assignment of such claims, however, except as against any social services district or the department. Thus we conclude that although under the express terms of the statute IMFC may not enforce the assignment against Monroe County Social Services, the assignment to it from Walters Ambulance is valid and enforceable as to all others and by filing its security interest prior in time to the State's tax warrant the claim of IMFC takes priority over the State's claim for withholding taxes. Consequently, the Court of Claims properly granted summary judgment to IMFC for the $5,265.50 demanded. (Appeal from judgment of Court of Claims—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.