OPINION OF THE COURT
Gerard M. Weisberg, J.
The question presented is whether the State Tax Commission’s (Commission) unauthorized seizure of allegedly *729 contraband cigarettes gives rise to a cause of action for the appropriation of personal property. (Court of Claims Act, § 9, subd 2.)
On September 15, 1976 agents of the Commission seized 5,869 cartons of cigarettes belonging to claimant (Williams-burg), valued at $28,053.82. Simultaneously therewith, the Commission seized a quantity of cigarettes from Borough Hall Oxford Corporation (Borough Hall). Claimant had purchased the cigarettes from Borough Hall and had not yet paid for them. Both seizures were conducted under the claim that they were illegally stamped. On October 7, 1976, the Commission informed claimant that the seized property had been declared forfeited.
Borough Hall timely commenced a CPLR article 78 proceeding against the Commission. In November, 1978 claimant discovered that Borough Hall had prevailed in that action and that a determination had been made that the cigarettes were not in fact improperly stamped. Williams-burg thereupon made a demand upon the Commission for the return of its property. Upon the Commission’s refusal, claimant commenced a CPLR article 78 proceeding on January 30, 1979. By order dated October 22, 1979, a Justice of the Supreme Court dismissed the petition as being untimely brought, because more than four months had passed since the mailing of the notice of forfeiture. Claimant’s efforts to obtain a reversal of this decision were unsuccessful, culminating in a motion for leave to appeal to the New York Court of Appeals which was denied on September 2, 1980.
Meanwhile, on July 11, 1978 Borough Hall instituted suit against Williamsburg in Supreme Court, Kings County, for the purchase price of the cigarettes. Claimant cross-claimed naming the Commission as a third-party defendant. The State’s motion to dismiss the third-party complaint was denied without prejudice. Borough Hall’s action against Williamsburg was settled on September 16, 1980 for the sum of $34,773.82, which was paid.
On October 7, 1980 Williamsburg moved for permission to file a late claim under subdivision 6 of section 10 of the Court of Claims Act. The proposed claim submitted *730 therewith recites claimant’s ownership of the cigarettes, the wrongful and unlawful seizure by the State, a demand for their return and the Commission’s refusal to comply. Paragraph 6 thereof states “[t]hat said wrongful and unlawful seizure was permanent in nature constituting an appropriation for which claimant is entitled to recover said property or in the alternative to be paid just compensation.” Damages demanded are in the sum of $34,773.82, the amount of the judgment paid by Williamsburg to Borough Hall.
The proposed claim thus styles itself one for the appropriation of personal property. The jurisdictional requirements applicable to such a claim are contained in subdivision 4 of section 10 of the Court of Claims Act which provides that “[a] claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section * * * shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.” (Emphasis added.) Since this cause of action accrued on or about September 15, 1976, it was not timely commenced. However, for purposes of subdivision 6 of section 10 of the Court of Claims Act, a motion to permit a late filing may be made “at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.” This phrase is problematic since an appropriation claim cannot by nature be commenced against anyone but the State of New York or certain public authorities. Recognizing this, the Legislature provided that for the purposes of subdivision 6 of section 10 of the Court of Claims Act, a claim for the appropriation by the State of lands or any right, title or interest in or to lands “shall be deemed an action upon an implied contractual obligation”, carrying a six-year Statute of Limitations. (CPLR 213.) The patent omission of any reference to a claim for the appropriation of personal property is most probably a legislative oversight, and we conclude that such a claim similarly bears a six-year Statute of Limitations. Alternatively, CPLR 213 (subd 1) may be *731 invoked for an action “for which no limitation is specifically prescribed by law”. Therefore, the proposed claim for appropriation is not time barred.
Having overcome one potential hurdle, claimant is immediately met with one more serious. That is, whether the claim “appears to be meritorious”, a factor which claimant must establish to permit the exercise of the court’s discretion. (Court of Claims Act, § 10, subd 6.) The novel question is squarely presented whether the seizure of claimant’s cigarettes rightly occasions the invocation of subdivision (a) of section 7 of article I of the New York Constitution which provides that “[p]rivate property shall not be taken for public use without just compensation.” Undeniably, the seizure and subsequent forfeiture of claimant’s cigarettes constituted a taking of private property. (City of Buffalo v Clement Co., 28 NY2d 241; Hylan Flying Serv. v State of New York, 54 AD2d 278; cf. Hudson Val. Sand & Stone Co. v State of New York, 57 AD2d 344.) However, the second element that of “public use” is notoriously lacking. Indeed, it is the element of public use which gives to the power of eminent domain its essential character. The remuneration owed for such a taking arises not from any element of wrongfulness or illegality, but rather from the notion of according fair compensation to those whose private property rights have been subordinated to an overriding public purpose. (Cf. Terrace Hotel Co. v State of New York, 19 NY2d 526, 529.)
The seizure of contraband and its subsequent forfeiture are not accomplished by virtue of the power of eminent domain. These acts are undertaken in the exercise of the State’s police power and are quasi-criminal in nature. When properly exercised, the police power does not give rise to a cause of action for appropriation. (Calera-Toledo v Pearson Yacht Leasing Co., 416 US 663, reh den 417 US 977; Matter of Keystone Assoc. v Moerdler, 19 NY2d 78, mot for rearg den 19 NY2d 598; Terrace Hotel Co. v State of New York, supra; New York State Thruway Auth. v Ashley Motor Ct., 10 NY2d 151.) As Justice Spring stated in Williams v Rivenburg (145 App Div 93, 100): “[1]aws enacted in pursuance of police power to abate nuisances or to benefit the health of the public which may result in *732 the destruction of private property and which do not provide for any payment therefor to the owner are not violative of the constitutional inhibition against taking private property for a public use without compensation. (Health Department v. Rector, etc., 145 N. Y. 32, 43; Mugler v. Kansas, 123 U. S. 623; Lawton v. Steele, 119 N. Y. 226.)”
The wrongful exercise of the police power may however give rise to a cause of action in tort, as illustrated by the Williams case, wherein the court upheld a cause of action for conversion arising from the misguided seizure and destruction of allegedly underaged calves. Cases involving wrongful levies by the Tax Commission are justiciable in the Court of Claims as tort actions, as indicated by IMFC Professional Servs. v State of New York (59 AD2d 1047) (see, also, St. Paul Fire & Mar. Ins. Co. v State of New York, 99 Misc 2d 140; Newburgh Nursery v State of New York, Court of Claims, Nov. 26,1980, Lengyel, J.). The State correctly points out that the Statute of Limitations applicable to the interposition of a claim for conversion would be three years, and has long since expired. (CPLR 214; see Downes v State of New York, 76 AD2d 967.)
Claimant’s attorney refers to a possible cause of action for indemnification, which has not been properly pleaded in the papers before the court. Accordingly, this motion is denied without prejudice to the assertion of such a claim, the accrual of which would be the date of payment of the judgment to Borough Hall. (Bay Ridge Air Rights v State of New York, 44 NY2d 49.)