◼ In the Matter of PHILIP ROBINSON, Appellant, v BRUCE H. FOREMAN et al., Respondents. [949 NYS2d 542]—

Appeal from a judgment of the Supreme Court (Devine, J.), entered September 6, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Following petitioner's removal from his program assignment as a baker in the mess hall due to poor performance, he filed a grievance challenging his removal from his mess hall position, as well as requesting reinstatement to the program and the removal from his institutional file of any false information pertaining to the incident. By decision dated December 23, 2009, the Central Office Review Committee ultimately affirmed the determination of respondent Superintendent of Green Haven Correctional Facility to the extent that it upheld his removal from the program. As for petitioner's requests regarding reinstatement and expungement of information from his institutional

file, the Central Office Review Committee advised petitioner of the proper procedure to address such issues. Thereafter, petitioner commenced this CPLR article 78 proceeding in March 2011. Supreme Court granted respondents' pre-answer motion to dismiss the petition as time-barred and this appeal ensued.

We affirm. The record clearly demonstrates that this CPLR article 78 proceeding was commenced more than four months after the administrative determination became final and binding (*see* CPLR 217 [1]; *see also Matter of Jackson v Fischer*, 78 AD3d 1335 [2010], *lv denied* 16 NY3d 705 [2011]). Accordingly, the petition was properly dismissed. Petitioner's continued inquiries regarding his reinstatement to the program and the accuracy of his records "did not toll the statute of limitations or constitute a further administrative step in the grievance process" (*Matter of Detorres v Goord*, 40 AD3d 1306, 1307 [2007]).

Peters, P.J., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.