■ In the Matter of Paul D. Garofano, Appellant, v Board of Education of Ramapo Central School District et al., Respondents. [33 NYS3d 272]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Board of Education of the Ramapo Central School District dated January 30, 2013, changing the petitioner's tenure area from Instructional Technology to School Media Specialist (Educational Communications), the petitioner appeals from a judgment of the Supreme Court, Rockland County (Loehr, J.), dated June 10, 2014, which dismissed the petition as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

In July 2004, the petitioner was appointed to a three-year probationary appointment as a foreign language teacher, effective September 1, 2004, with the Ramapo Central School District (hereinafter the district). However, throughout his employment with the district, the petitioner's job title was Instructional Technology Facilitator at the Cherry Lane Elementary School. In April 2007, the petitioner was granted tenure in the tenure area of Instructional Technology. Instructional Technology, however, is a nonexistent tenure area under subpart 30-1 of the Rules of the Board of Regents (8 NYCRR subpart 30-1).

By letter dated January 31, 2013, the petitioner was informed by the Assistant Superintendent for Human Resources for the respondent Board of Education of the District (hereinafter the Board), that the Board had become aware that it had appointed him to a nonexistent tenure area and, during a special meeting held on January 30, 2013, the Board had adopted a resolution changing the petitioner's tenure area to the tenure area of School Media Specialist (Educational Communications), retroactive to September 1, 2007. The Board's resolution noted that the petitioner did not consent to the retroactive assignment to the School Media Specialist (Educational Communications) tenure area and that the petitioner asserted that he should be assigned to the Elementary Education tenure area. The Board nevertheless adopted the resolution, noting that the basis for assigning the petitioner to the School Media Specialist (Educational Communications) tenure area was because, at the time of his tenure appointment, the petitioner had a valid Educational Technology Specialist Initial Certificate from the New York State Education Department.

Four months later, the Board voted to abolish a number of positions, including at least one position in the School Media

Specialist (Educational Communications) tenure area. The petitioner was the least senior teacher of that tenure area, and his employment was terminated, effective June 30, 2013. Thereafter, on or about September 19, 2013, the petitioner commenced this proceeding pursuant to CPLR article 78, in effect, to review the January 30, 2013, determination of the Board reassigning the petitioner to the tenure area of School Media Specialist (Educational Communications) rather than Elementary Education as the petitioner had requested and to challenge his termination. In an order dated June 10, 2014, the Supreme Court dismissed the petition as time-barred. We affirm.

CPLR article 78 review is available within four months of when the administrative determination to be reviewed becomes final and binding upon the petitioner (see CPLR 217 [1]; Matter of Yarbough v Franco, 95 NY2d 342, 346 [2000]; New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165 [1991]; Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989]). A determination becomes "final and binding" when two requirements are met; namely, completeness (finality) of the determination, and the exhaustion of administrative remedies (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]). Here, the petitioner did not commence this proceeding until September 19, 2013, nearly eight months after the Board adopted the resolution to reassign him to the tenure area of School Media Specialist (Educational Communications). Despite the petitioner's claims otherwise, the Board's action in reassigning the petitioner to the tenure area of School Media Specialist (Educational Communications) did not become "effective" at a later date, nor did the petitioner first become aggrieved by the action upon his termination on June 30, 2013. The Board's action was complete and became effective immediately, on January 30, 2013. Accordingly, the Supreme Court properly determined that the proceeding was barred by the statute of limitations.

The petitioner's remaining contentions are not properly before this Court. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.