Matter of Walker v Uhler (2020 NY Slip Op 04354)





Matter of Walker v Uhler


2020 NY Slip Op 04354


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

529626

[*1]In the Matter of Tyrone Walker, Appellant,
v
Donald Uhler, as Superintendent of Upstate Correctional Facility et al., Respondents.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Tyrone Walker, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Ellis, J.), entered June 25, 2019 in Franklin County, which, in a combined proceeding pursuant to CPLR article 78 and action for, among other things, declaratory judgment, granted respondents' motion to dismiss the petition.
In 2016, petitioner filed a grievance complaining about the presence of a transparent plexiglass covering on the bars of his cell and requesting that it be removed. Following the initial denial of his grievance and subsequent unsuccessful appeal to respondent Superintendent of Upstate Correctional Facility, petitioner appealed the denial of his grievance to the Central Office Review Committee (hereinafter CORC). In August 2016, CORC upheld the Superintendent's determination and denied the grievance.
Thereafter, in August 2018, petitioner filed a second grievance, again asserting that the plexiglass covering was unauthorized and requesting that it be removed from his cell door. Upon initial review, the grievance was denied, which decision was upheld upon administrative appeal to the Superintendent. Petitioner appealed that determination to CORC. In January 2019 — prior to CORC's resolution of the appeal — petitioner filed a combined petition/complaint pursuant to CPLR article 78, CPLR 3001 and 42 USC § 1983, seeking, among other things, to challenge the denial of the 2016 and 2018 grievances. Respondents moved to dismiss only that part of the petition/complaint seeking CPLR article 78 relief, asserting that the challenge to the denial of the 2016 grievance was untimely and that petitioner failed to exhaust his administrative remedies in connection with the denial of the 2018 grievance. Supreme Court granted the motion, and this appeal ensued.
We affirm. The challenge to the 2016 grievance is clearly untimely because petitioner commenced this proceeding/action well beyond the four months after the administrative determination in connection with that grievance became final and binding (see CPLR 217 [1]; Matter of Robinson v Foreman, 98 AD3d 765, 766 [2012]). With regard to the 2018 grievance, it is well settled that judicial review is available after all administrative remedies have been exhausted, unless the petitioner "is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm" (Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300 [2019] [internal quotation marks and citations omitted]). The record establishes that petitioner failed to exhaust his administrative remedies inasmuch as he did not wait for a final determination from CORC prior to commencing the CPLR article 78 proceeding (see Matter of Sockwell v LaClair, 170 AD3d 1416, 1417 [2019]). Although CORC did not comply with the 30-day time limit in which to issue a final decision (see 7 NYCRR 701.5 [d] [3] [ii]), such time limit is "directory, not mandatory" (Matter of Hendricks v Annucci, 179 AD3d 1232, 1233 [2020]). Absent a showing by petitioner that he was substantially prejudiced by CORC's delay, CORC was not divested of jurisdiction to issue a determination (see Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d at 1300).
We have reviewed petitioner's assertion regarding the alleged violation of his constitutional rights and that an administrative appeal would have been futile, and are unpersuaded that such assertion warrants an exception to the requirement that he exhaust his administrative remedies (see Matter of Beaubrun v Annucci, 144 AD3d 1309, 1311 [2016]; Matter of Hyatt v Annucci, 134 AD3d 1359, 1359—1360 [2015]). To the extent that petitioner's remaining contentions are properly before this Court, we find them to be without merit.
Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.