Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities (2021 NY Slip Op 06904)





Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities


2021 NY Slip Op 06904


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532855
[*1]In the Matter of Developmental Disabilities Institute, Inc., et al., Appellants,
v
New York State Office for People with Developmental Disabilities et al., Respondents.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Moritt Hock & Hamroff LLP, Garden City (Robert L. Schonfeld of counsel), for appellants.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Weinstein, J.), entered January 11, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner Developmental Disabilities Institute, Inc. (hereinafter DDI) is a not-for-profit corporation authorized by respondent Office for People with Developmental Disabilities (hereinafter OPWDD) to provide services to individuals with intellectual and developmental disabilities. By letter dated June 28, 2019, OPWDD notified DDI that, as of July 1, 2019, a type of enhanced funding designated as higher needs funding would no longer be available for, among others, four individuals (hereinafter collectively referred to as the residential individuals) who reside in DDI community-based homes. DDI subsequently questioned the accuracy of OPWDD's rate-setting methodology regarding higher needs funding for the residential individuals. On December 17, 2019, OPWDD sent DDI a short email explaining that its denial of higher needs funding for the residential individuals was correct.
On September 4, 2020, petitioners [FN1] commenced this CPLR article 78 proceeding to challenge OPWDD's determination to terminate DDI's eligibility to receive higher needs funding for the residential individuals. Respondents moved to dismiss the petition based on, as relevant here, the statute of limitations and lack of standing. Supreme Court granted respondents' motion and dismissed the petition. Petitioners appeal.
"Pursuant to CPLR 217 (1), a CPLR article 78 proceeding against a body must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioners" (Matter of Duffy v Town of Guilderland, 186 AD3d 1856, 1857 [2020] [internal quotation marks, ellipsis, brackets and citation omitted], lv denied 36 NY3d 905 [2021]). "A determination becomes final and binding when it definitively impacts and aggrieves the party seeking judicial review" (id. [internal quotation marks and citations omitted]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of Adams v Carrion, 85 AD3d 1517, 1518 [2011], lv denied 17 NY3d 717 [2011]). OPWDD's June 28, 2019 letter definitively informed DDI of the termination of higher needs funding, which aggrieved DDI. The four-month statute of limitations began to run on July 1, 2019, the date that DDI received that letter notifying it of this determination (see Matter of Di Cocco v City of Schenectady, 175 AD2d 365, 366 [1991]; see also Matter of Presbyterian Home for Cent. N.Y. v Dowling, 262 AD2d 1046, 1047 [1999], lv denied 94 NY2d 758 [2000]). DDI's later communications and requests for reconsideration or "further action did not render the determination less final" (Matter of Adams v Carrion, 85 AD3d at 1519; see Matter of Thorne v LaClair, 166 AD3d 1181, 1181 [2018]), "or toll the applicable limitations period" (Matter [*2]of Pettus v New York State Ins. Dept., 93 AD3d 1067, 1068 [2012], lv denied 19 NY3d 814 [2012]). We reject petitioners' argument that this was a timely proceeding in the nature of mandamus to compel, as a challenge to Medicaid rate-setting methodology cannot reasonably be characterized as the failure to perform an administrative or ministerial act (compare Matter of Letourneau v Town of Berne, 56 AD3d 880, 881 [2008]). Thus, DDI did not timely commence this proceeding.
"Standing requires a party to demonstrate both an injury-in-fact and an injury falling within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (Matter of Park Manor Rehabilitation & Health Care Ctr., LLC v Shah, 129 AD3d 1276, 1277 [2015] [internal quotation marks and citation omitted]). The element of injury-in-fact requires a showing of harm that is actual and present, or at least reasonably certain to occur, not merely speculative (see Matter of Brennan Ctr. for Justice at NYU Sch. of Law v New York State Bd. of Elections, 159 AD3d 1299, 1300 [2018], lv denied 32 NY3d 912 [2019]; Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police, 43 AD3d 125, 129 [2007], affd 11 NY3d 96 [2008]). Petitioners argue that the residential individuals were deprived of their right to notice and hearings as required by regulations when an agency discontinues, suspends or reduces a Medicaid recipient's benefits or services (see 18 NYCRR 358-3.1 [b] [3]; 358-3.3 [a] [1] [i]; 42 CFR 431.206 [c] [2]). Although these individuals did not receive notice from respondents of the termination of higher needs funding, the right to notice and a hearing did not arise. The residential individuals have continued to receive the same services from DDI, OPWDD continues to pay DDI for those services and the residential individuals are not required to pay anything toward the cost of those services (see New York City Health & Hosps. Corp. v Bane, 87 NY2d 399, 402 [1995] [noting that "providers who treat Medicaid patients must accept the scheduled rate as payment in full for services provided"]). As Supreme Court noted, "[t]he determination at issue concerned the funding to be received by a provider of services and did not address the benefits or services to be received by" the residential individuals. We reject as speculative petitioners' argument that the lack of higher needs funding may harm the residential individuals if they move to a service provider other than DDI (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 214 [2004]). As the residential individuals lack standing, the court properly dismissed the petition.
Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: In addition to DDI, the parents of the residential individuals commenced this proceeding on behalf of their adult children. We do not reach the issue of whether the parents had the legal authority or capacity to do so.