Matter of SUNCO Holding Corp. v Town of Vestal (2022 NY Slip Op 02326)

Matter of SUNCO Holding Corp. v Town of Vestal

2022 NY Slip Op 02326

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

533063
[*1]In the Matter of SUNCO Holding Corp., Doing Business as U-Save Towing & Recovery, Appellant,
v
Town of Vestal, Respondent.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, Rochester (Jodie L. Ryan of counsel), for appellant.
David S. Berger, Vestal, for respondent.

Clark, J.
Appeal from an order and judgment of the Supreme Court (Blaise III, J.), entered March 4, 2021 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent indefinitely suspending petitioner from its list of approved towing vendors.
Respondent maintains a rotational list of vendors that are approved to provide towing services on its behalf (hereinafter the towing list), and petitioner was added to that list in May 2016. In August 2017, respondent's chief of police promulgated a formal policy regarding such vendors (hereinafter the policy). Shortly thereafter, petitioner was notified that it was in violation of several of the policy's provisions and warned that it may be suspended or removed from the towing list if it did not adhere to the policy. In January 2018, petitioner was indefinitely suspended from the towing list for certain ongoing and new violations. It appears that petitioner's suspension was lifted in March 2018, after petitioner had demonstrated that it addressed most of those violations. On or about February 14, 2019, petitioner was notified that it was again indefinitely suspended, effective February 18, 2019, for violating the policy. In July 2020, petitioner's counsel wrote a letter to respondent demanding to be reinstated to the towing list and arguing that petitioner's "remov[al]" from the towing list in February 2019 "was arbitrary [and] capricious, and/or . . . an abuse of discretion." Counsel for respondent acknowledged that letter on July 29, 2020, observing that any judicial challenge to either of petitioner's suspensions would be untimely. Petitioner commenced the instant CPLR article 78 proceeding on November 20, 2020 seeking, among other things, to annul its most recent suspension. Respondent answered, setting forth a statute of limitations defense, among others. Supreme Court dismissed petitioner's application, and petitioner appeals.
This proceeding to review respondent's February 2019 determination suspending petitioner is time-barred.[FN1] A CPLR article 78 proceeding that seeks review of an administrative determination "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see Matter of De Milio v Borghard, 55 NY2d 216, 219-220 [1982]). "A determination becomes final and binding when it definitively impacts and aggrieves the party seeking judicial review" (Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 200 AD3d 1273, 1274 [2021] [internal quotation marks and citations omitted]; see Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; see also Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989]).[FN2]
Here, it is not disputed that petitioner was notified of the challenged suspension on or about February 14, 2019, shortly [*2]before it went into effect on February 18, 2019. That administrative determination was "unambiguous and its effect certain," and the fact that the definitive penalty of suspension would be imposed for an indefinite period of time did not render the suspension "tentative, uncertain or otherwise less final and binding" (Matter of Edmead v McGuire, 67 NY2d at 716). Given that petitioner was notified of and aggrieved by the challenged suspension in February 2019, its November 2020 commencement of this proceeding was patently untimely (see CPLR 217 [1]; Matter of Edmead v McGuire, 67 NY2d at 716; Matter of De Milio v Borghard, 55 NY2d at 220-221; Smith v State of New York, 201 AD3d 1225, 1227-1229 [2022]; Matter of Garofano v Board of Educ. of Ramapo Cent. Sch. Dist., 139 AD3d 726, 727-728 [2016], lv denied 28 NY3d 901 [2016]). As for the July 2020 letter from respondent's counsel, petitioner cannot revive the lapsed limitations period by eliciting correspondence from respondent relative to the prior final determination (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983], cert denied 469 US 823 [1984]; Matter of De Milio v Borghard, 55 NY2d at 220; Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 200 AD3d at 1274; Matter of Robinson v Foreman, 98 AD3d 765, 766 [2012]). Thus, petitioner's CPLR article 78 proceeding is time-barred, and we therefore affirm the dismissal of the petition.[FN3]
Lynch, J.P., Aarons, Colangelo and Fisher, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.

Footnotes

Footnote 1: Although Supreme Court elected not to address the threshold statute of limitations issue and to instead dispose of the matter on the merits, respondent's argument concerning the timeliness of this proceeding is properly before us as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Matter of Albany Academies v New York State Pub. High Sch. Athletic Assn., 145 AD3d 1258, 1260-1261 [2016]; Matter of Thornton v Saugerties Cent. Sch. Dist., 121 AD3d 1253, 1254 n 1 [2014]).

Footnote 2: Relevant to finality, we note that the policy provides no mechanism for administrative review of suspensions (see generally Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]).

Footnote 3: In any event, were we to address the merits of petitioner's claim that its most recent suspension was arbitrary and capricious, we would agree with Supreme Court that the suspension was in line with the policy and was rational (see Matter of Henson v City of Syracuse, 119 AD3d 1340, 1341 [2014]; Matter of Alltow, Inc. v Village of Wappingers Falls, 94 AD3d 879, 881-882 [2012]; Matter of Prestige Towing & Recovery, Inc. v State of New York, 74 AD3d 1606, 1607-1608 [2010]).