Matter of Safety-Kleen Sys., Inc. v New York State Dept. of Envtl. Conservation (2022 NY Slip Op 03958)

Matter of Safety-Kleen Sys., Inc. v New York State Dept. of Envtl. Conservation

2022 NY Slip Op 03958

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

533328
[*1]In the Matter of Safety-Kleen Systems, Inc., Appellant,
v
New York State Department of Environmental Conservation, Respondent.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Whiteman, Osterman & Hanna, LLP, Albany (Gabriella R. Levine of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered April 7, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner is a supplier of parts washer units, which are machines that use chemical solvents to degrease mechanical parts used in various industries. The solvent-based cleaning solutions used in these parts washer units contain volatile organic compounds (hereinafter VOCs), and, in an attempt to reduce emissions of these compounds into the environment, efforts have been made at the national and state levels to transition to low-VOC cleaning solutions. To that end, in 2019, respondent promulgated amendments to 6 NYCRR parts 201 and 226 (hereinafter collectively referred to as the amended regulations) requiring the transition to low-VOC solutions by December 1, 2020. The amended regulations were — in some, but not all, respects — based upon a Model Rule for Solvent Degreasing that was developed by the Ozone Transport Commission (hereinafter referred to as the OTC Model Rule)[FN1] in order to assist states in complying with federal targets for reducing emissions.
In February 2020, petitioner commenced this proceeding to challenge the amended regulations. According to the amended petition, filed in June 2020,most low-VOC cleaning solutions are aqueous and therefore incompatible with petitioner's parts washer units. Thus,petitioner claimed that every solvent-based parts washer in the state would need to be removed and replaced with an aqueous-compatible parts washer by the regulatory deadline of December 1, 2020 in order to be in compliance with the amended regulations. As set forth in the amended petition, petitioner claimed that the amended regulations were arbitrary and capricious for two reasons: first, the December 1, 2020 compliance deadline did not allow petitioner enough time to replace all of its parts washer units statewide, and second, the amended regulations did not contain exemptions for certain industries as outlined in the OTC Model Rule.
Following commencement of this proceeding, respondent extended the compliance deadline to December 1, 2021. Respondent then moved to dismiss the petition on the grounds of mootness and lack of standing. Supreme Court granted the motion, prompting this appeal by petitioner, and we affirm.
To the extent that petitioner challenges the December 1, 2020 deadline, that issue is moot. Although the amended petition contested that deadline as being arbitrarily foreshortened, the time for compliance was subsequently extended to December 1, 2021. Moreover, it is undisputed that, a month prior to that deadline, respondent again extended it, this time to December 1, 2022. Thus, the specific deadline being challenged — December 1, 2020 — no longer governs (see e.g. People ex rel. Fox v Ponte, 151 AD3d 502, 502 [2017], lv denied 30 NY3d 902 [2017]; Matter of New York Citizens Util. Bd. v Pataki, 231 [*2]AD2d 185, 187 [1997], lv denied 90 NY2d 811 [1997]). Further, given that the specific issue raised here cannot recur, the exception to the mootness doctrine does not apply (see Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York, 161 AD3d 1430, 1431 [2018]).
As for petitioner's challenge to the absence of exemptions in the amended regulations, petitioner lacks standing to raise such an issue. "Standing requires a party to demonstrate both an injury-in-fact and an injury falling within the zone of interests" sought to be protected by the statute, and "[t]he element of injury-in-fact requires a showing of harm that is actual and present, or at least reasonably certain to occur, not merely speculative" (Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 200 AD3d 1273, 1274-1275 [2021] [internal quotation marks and citations omitted]; see Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1055 [2006], appeal dismissed 7 NY3d 844 [2006]). A review of the OTC Model Rule reveals that it contains exemptions for certain industries and applications, including motion picture film cleaning equipment, medical device cleaning equipment and high precision cleaning in the military, aerospace, and electronics areas, among others. Petitioner has failed to demonstrate how the absence of these exemptions in the amended regulations is causing or is reasonably likely to cause any harm to petitioner so as to establish an injury-in-fact.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: "The Ozone Transport Commission (OTC) is a multi-state organization created under the Clean Air Act" that is "responsible for advising [the Environmental Protection Agency] on transport issues and for developing and implementing regional solutions to the ground-level ozone problem in the Northeast and Mid-Atlantic regions. OTC brings together the states from Virginia to Maine to coordinate reductions in air pollution that benefit the whole region. [It] provide[s] air pollution assessment, technical support and a forum through which states can work together to harmonize their pollution reduction strategies" (https://otcair.org/about.asp).