Matter of Sapp v Annucci (2025 NY Slip Op 06376)

Matter of Sapp v Annucci

2025 NY Slip Op 06376

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1290
[*1]In the Matter of Freddy Sapp, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 9, 2025

Before:Garry, P.J., Clark, Aarons, Lynch and Powers, JJ.

Freddy Sapp, Geneva, appellant pro se.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for Anthony J. Annucci and another, respondents.
Holly A. Adams, County Attorney, Canandaigua (Nathan J. Thomas of counsel), for Ontario County Probation Department and another, respondents.

Lynch, J.
Appeal from a judgment of the Supreme Court (Julian Schreibman, J.), entered May 16, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
In January 2021, petitioner was convicted in Ontario County of assault in the second degree, attempted assault in the second degree and criminal possession of stolen property in the fourth degree. In connection with his sentencing, County Court imposed $900 in mandatory surcharges, $150 in DNA fees and $75 in crime victim assistance fees, totaling $1,125. In March 2021, a money order of $1,125 was paid to the Ontario County Probation Department (hereinafter OCPD) on petitioner's behalf. In June 2021, the Department of Corrections and Community Supervision (hereinafter DOCCS) began making deductions from petitioner's prison account in order to pay the court-ordered fines as outlined in the sentence and commitment order provided by Ontario County.
In early 2022, petitioner sent a letter to the OCPD questioning the withdrawal of funds from his prison account for fines that he believed had been paid in March 2021. On May 1, 2022, the Director of OCPD advised petitioner that he had outstanding debts from other convictions and provided him with a financial statement indicating that some of the $1,125 payment he made in March 2021 was allocated to pay off those debts, with the remaining amount being allocated to the fees associated with the January 2021 conviction. In September 2022, petitioner filed a grievance with DOCCS, complaining that OCPD wrongfully used part of his payment to pay off prior surcharges and fees and seeking adjustments and refunds to his account. DOCCS denied the grievance in February 2023, indicating that by the time petitioner had filed his grievance, the total amount of fees and surcharges owed to Ontario County had been paid and there were no encumbrances on his account. Petitioner did not appeal the denial of his grievance.
In June 2023, petitioner commenced this CPLR article 78 proceeding against respondent Acting Commissioner of DOCCS and respondent Attorney General (hereinafter the state respondents) and respondent Director of OCPD, claiming that OCPD erred in allocating his $1,125 payment toward prior outstanding debts and seeking a refund of the money deducted from his prison account to pay the $1,125 in fees and surcharges related to the January 2021 conviction. The state respondents moved to dismiss the petition raising several objections, including failure to state a cause of action and that the Attorney General was not a proper party. The Director of OCPD also moved to dismiss the petition upon several grounds, including that it was untimely commenced. Supreme Court dismissed the petition as to the state respondents, finding that the claim failed to state a cause of action against the Acting Commissioner (see CPLR 3211 [a] [7]) and that the Attorney General was not a proper party. The court dismissed the petition [*2]against the Director of OCPD as untimely. Petitioner appeals.[FN1]
We affirm. As to the claims made against the Acting Commissioner, "[o]n a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, the facts as alleged by petitioner in the pleading are accepted as true, and the court must determine whether the facts as alleged fit within any cognizable legal theory" (Matter of White v Annucci, 161 AD3d 1428, 1429 [3d Dept 2018] [internal quotation marks and citations omitted]; see Johnson v Bruen, 187 AD3d 1294, 1294 [3d Dept 2020]). It is well settled that "prison officials are conclusively bound by the contents of commitment papers accompanying [an incarcerated individual]" (Matter of Murray v Goord, 1 NY3d 29, 32 [2003] [internal quotation marks, emphasis and citation omitted]; see Matter of Mills v New York State Bd. of Parole, 224 AD3d 1025, 1027 [3d Dept 2024], lv dismissed & denied 41 NY3d 1015 [2024]; Matter of Jeanty v Annucci, 216 AD3d 1386, 1387 [3d Dept 2023]). Inasmuch as petitioner's sentence and commitment papers for the January 2021 conviction submitted by the Ontario County Court reflect unpaid fees and surcharges, DOCCS was obligated to collect the fees and surcharges from petitioner's prison account (see Penal Law § 60.35 [5]). Accordingly, insofar as DOCCS's only option "is to comply with the plain terms of the last commitment order received" (Matter of Murray v Goord, 1 NY3d at 32), we agree with Supreme Court that the petition fails to state a cause of action against the Acting Commissioner.
As to the claims in the petition challenging how his $1,125 payment was allocated by OCPD, a CPLR article 78 proceeding seeking review of an administrative determination "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see Matter of Coney Is. Preparatory Pub. Charter Sch. v New York State Educ. Dept., 224 AD3d 1203, 1205 [3d Dept 2024]). "A determination becomes final and binding when it definitively impacts and aggrieves the party seeking judicial review" (Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 200 AD3d 1273, 1274 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Sunco Holding Corp. v Town of Vestal, 204 AD3d 1143, 1144 [3d Dept 2022]). We agree with Supreme Court that petitioner was notified of OCPD's decision to allocate some of petitioner's $1,125 payment to his prior debts no later than in the letter from the Director on May 1, 2022. OCPD's May 2022 determination was "unambiguous and its effect certain" and, therefore, petitioner's commencement of this proceeding against its Director in June 2023 was untimely (Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; see CPLR 217 [1]; Matter of Sunco Holding Corp. v Town of Vestal, 204 AD3d at 1145). Petitioner's remaining claims, to the extent not addressed herein, have either been rendered [*3]academic or have been reviewed and found to be without merit.
Garry, P.J., Clark, Aarons and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner has abandoned any challenge to the dismissal of the petition against the Attorney General since he failed to raise any issue with that finding on appeal (see Matter of McDonald v Board of Hudson Riv.-Black Riv. Regulating Dist., 86 AD3d 844, 846 [3d Dept 2011]).